974 So.2d 178 (2008)
Augusta Gale WILLIAMS, Eula Mae Freeman, Henry T. Hicks, and Felton Hasson, Jr., Plaintiffs-Appellees,
v.
SUSTAINABLE FORESTRY 2000, L.L.C., Defendant-Appellant.
No. 42,895-CA.
Court of Appeal of Louisiana, Second Circuit.
January 9, 2008.
Wiener, Weiss & Madison by M. Allyn Stroud, Shreveport, for Appellant.
Michael S. Coyle, Ruston, William A. Jones, Jr., for Appellees.
Before BROWN, PEATROSS, and MOORE, JJ.
BROWN, Chief Judge.
Appellant, Sustainable Forestry L.L.C., appeals from a trial court decision *179 granting summary judgment in favor of Augusta Williams, Felton Hasson, Jr., Henry Hicks and Eula May Freeman, and denying its motion for summary judgment. For the following reasons we affirm.

Facts
In the Fall of 2005, appellant, Sustainable Forestry L.L.C., reached an agreement with Augusta Williams, Felton Hasson, Jr., Henry Hicks, and Eula May Freeman ("Sellers") to purchase and sell approximately 150 acres of immovable property owned by Sellers and located in Jackson Parish, Louisiana, for $1,000 per acre. This agreement was memorialized in a document entitled "Agreement to Purchase and Sell Immovable Property."
Sustainable Forestry is a Louisiana Limited Liability Company whose principals reside in Louisiana. All of the individual sellers are non-Louisiana residents. The agreement was drafted by the buyer and circulated by mail to each of the four sellers. The four sellers who lived in different states signed the agreement on August 2, 2005, August 9, 2005, and August 11, 2005, and then the agreement was mailed back to appellant. On September 1, 2005, Sustainable's representative signed the agreement.
The agreement provided that "[a] deposit of two-thousand and no/100ths ($2,000.00) Dollars shall be made with Augusta Williams with the signing of this agreement." According to the L.L.C., on September 2, 2005, Debra Cardwell, acting on behalf of the L.L.C., sent a $2,000 check to Ms. Williams by U.S. mail. Ms. Williams, however, claims she never received the check.
On November 2, 2005, the L.L.C. received a facsimile letter from an attorney for Ms. Williams stating that Ms. Williams had not received the $2,000 deposit. The fax letter further stated that the L.L.C. was "in default" and that Sellers were "voiding" the contract.
On November 2, 2005, the same day as receiving the fax, Debra Cardwell mailed another check for $2,000 to Ms. Williams. Ms. Williams, through her attorney, refused to accept the check tendered by appellant.
Sellers filed suit in Lincoln Parish seeking a declaratory judgment that the Agreement was null and void. The L.L.C. filed an answer and reconventional demand seeking specific performance to compel Sellers to honor the Agreement.
Sustainable Forestry L.L.C. filed a motion for summary judgment to dismiss the principal action and grant its reconventional demand. Sellers also filed a motion for summary judgment seeking declaratory relief as to the alleged invalidity of the Agreement and dismissal of the reconventional demand.
The trial court heard arguments on both motions and issued written reasons granting Sellers' motion and declaring the agreement to purchase and sell invalid.

Summary Judgment
A motion, for summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Appellate courts review summary judgment de novo, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Gleason v. State Farm Mut. Auto. Ins. Co., 27,297 (La.App.2d Cir.08/23/95), 660 So.2d 137, writ denied, 95-2358 (La.12/15/95), 664 So.2d 454. The party opposing summary *180 judgment cannot rest on the mere allegations or denials in his pleadings, but must show that he has evidence which, if believed, could satisfy his evidentiary burden of proof at trial. If he has no such evidence, then there is no genuine issue of material fact, and the movant is entitled to summary judgment. La. C.C.P. art. 966(C)(2); THH Properties Ltd. Partnership v. Hill, 41,038 (La.App.2d Cir.06/02/06), 930 So.2d 1214.

Discussion
Plaintiffs (sellers) submitted the affidavit of Augusta Williams in support of and in opposition to the motions for summary judgment wherein she states that she did not receive the $2,000 deposit, required by the agreement, prior to the November 2, 2005, fax letter voiding the contract.
Sustainable Forestry L.L.C. filed the affidavit of Debra Cardwell which states that she mailed the $2,000 deposit check to Augusta Williams on September 2, 2005, and upon learning that the check was not received, she sent another $2,000 check on November 2, 2005.
Louisiana Civil Code article 1990 provides:
When a term for the performance of an obligation is either fixed, or is clearly determinable by the circumstances, the obligor is put in default by the mere arrival of that term. In other cases, the obligor must be put in default by the obligee, but not before performance is due.
The language of La. C.C. art.1990 is clear. If the term is fixed or clearly determinable by the circumstances, then the obligee is not required to request performance, that is, to put the obligor in default. The obligor is automatically in default by the arrival of that term.
If, on the other hand, the term was not fixed or clearly determinable by the circumstances, then the obligee must put the obligor in default by making a request for performance in conformity with La. C.C. art.1991. See La. C.C. art.1990; see also La. C.C. art.2015, concerning notice to perform. The notice provided for in La. C.C. art.2015 is subject to the requirements governing a putting of the obligor in default.
A term for performance of an obligation is fixed when a certain date, a particular occasion, or a particular time period is set. Furthermore, a term for the performance of an obligation may be determinable by the circumstances, even though it is not fixed and is uncertain. Regardless, whether the term is certain, or uncertain but determinable, the obligor is put in default by the mere expiration of that term. See Saul Litvinoff, 6 La. Civ. L. Treatise: The Law of Obligations, (2d ed.2001) § 1.21.
Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art.2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art.2046. The words of a contract must be given their generally prevailing meaning. La. C.C. art.2047.
The portion of the contract currently at issue provides: "[a] deposit of two-thousand and no/100ths ($2,000.00) Dollars shall be made with Augusta Williams with the signing of this agreement." Looking at this term, the parties' common intent is clear and explicit, Ms. Williams was to be given a deposit of $2,000 when the agreement was signed.
The words of the contract are clear and explicit except as to whether the deposit was to be paid when the sellers had signed or when all the parties had signed. In *181 either case, however, no payment was made. Whether the check was actually sent or what happened to the check we are unable to say. The only requirement was that the deposit was to have been delivered to Ms. Williams with the signing of the agreement. When the agreement was signed by Ms. Williams on August 11, 2005, and then on September 1, 2005, by the L.L.C., Ms. Williams had not received the $2,000 deposit. This could have been easily accomplished in a number of ways, such as enclosing a bank draft with the agreement or by electronic deposit to her bank.
Accordingly, we find that the term for the performance of an obligation, paying the $2,000 deposit, was fixed or clearly determinable by the circumstances, and that appellant failed to perform timely. Thus, we find that appellant was automatically in default, and the Sellers had the right to void the agreement.

Conclusion
For the reasons stated above, we affirm the trial court's ruling granting summary judgment in favor of Sellers, and denying appellants motion for summary judgment. Costs are assessed against Sustainable Forestry L.L.C.