STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0114

BEAU BOX COMMERCIAL REAL ESTATE, L.L.C.

VERSUS

PENNYWISE SOLUTIONS, INC.

*Judgment Rendered:*     OCT 2 3 2019

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 666,526

The Honorable R. Michael Caldwell, Judge Presiding

* * * * * * * *

Dennis A. Pennington
Michael J. Harig
Baton Rouge, Louisiana

Counsel for Defendant/Appellant
Pennywise Solutions, Inc.

Stephen Babcock
Chase Tettleton
Baton Rouge, Louisiana

Counsel for Plaintiff/Appellee
Beau Box Commercial Real Estate,
L.L.C.

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

Pennywise Solutions, Inc. appeals the Nineteenth Judicial District Court's judgment granting Beau Box Commercial Real Estate, L.L.C.'s motion for summary judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 21, 2018, Beau Box Commercial Real Estate, L.L.C. ("Beau Box") filed a petition for damages, naming Pennywise Solutions, Inc. ("Pennywise") as defendant. Beau Box alleged that on March 11, 2017, Beau Box and SSMF Brusly, LLC ("SSMF") entered into a real estate agency agreement ("the listing agreement") pursuant to which Beau Box would list available space in a shopping center owned by SSMF and located at 400 West Saint Francis Street in Brusly, Louisiana, for lease.

Subsequently, on November 8, 2017, Pennywise entered into a purchase agreement with SSMF for the sale and purchase of the shopping center ("the purchase agreement") for the sum of $4,050,000.00. The purchase agreement required that the act of sale be passed on or before January 29, 2018. Further, the purchase agreement was drafted by Travis Thornton, then an employee of Pennywise's realtor, BHHS United Properties ("United").

Pennywise was unable to purchase the property by the January 29, 2018 deadline. According to Sam Tran, Pennywise's owner and sole shareholder, Pennywise was originally successful in obtaining financing for the purchase of the property, but the financing fell through.

In its petition, Beau Box alleged that Pennywise had breached the purchase agreement, and, alternatively, that a *stipulation pour autrui* had been created in favor of Beau Box. Beau Box asserted that because Pennywise executed the purchase agreement, Pennywise expressly agreed to all the terms and conditions described therein, including an agreement to be liable for realtor's fees, attorney's

2

fees, and other costs incurred in the enforcement of any and all rights under the contract in the event that Pennywise defaulted on the agreement. Accordingly, Beau Box claimed that Pennywise was liable to Beau Box for $101,250.00, which is one-half of the brokerage commission for the purchase and sale of the subject property and improvements. Beau Box also sought attorney's fees and costs, pursuant to the purchase agreement.

On April 17, 2018, Pennywise answered Beau Box's petition. Pennywise asserted that it did not default in its purchase agreement with SSMF because Pennywise had diligently sought to purchase the property and took all action as was reasonable and proper under the circumstances to complete the purchase, but was prevented from doing so by circumstances beyond its control.

On June 22, 2018, Beau Box filed a motion for summary judgment. In its opposition to Beau Box's motion for summary judgment, Pennywise argued that it understood the word "default" in the original purchase agreement to pertain to situations in which the obligor is in some way at fault for failing to close the contemplated real estate transaction. Accordingly, Pennywise asserted that there must be fault attributable to the purchaser in order for a "default" to occur.

In a judgment signed October 9, 2018, the trial court granted Beau Box's motion for summary judgment and rendered judgment in favor of Beau Box in the amount of $101,250.00. The judgment also awarded $30,000.00 in attorney's fees to Beau Box.

## ASSIGNMENT OF ERROR

Pennywise assigns the following as error:

(1) The trial court was clearly wrong and committed manifest error and an abuse of discretion in finding that Beau Box, who was without privity of contract with either the proposed buyer or seller of the subject immovable property, was contractually entitled to both a broker's commission and attorney fees, and it improvidently granted a summary judgment in favor of a litigant not entitled to judgment as a matter of law.

3

## STANDARD OF REVIEW

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . and shall be construed to accomplish these ends." *Jackson v. Wise*, 2017-1062 (La. App. 1 Cir. 4/13/18); 249 So.3d 845, 850, *writ denied*, 2018-0785 (La. 9/21/18); 252 So.3d 914, quoting La. Code Civ. P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966 (A)(3). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Jackson v. City of New Orleans*, 2012-2742 (La. 1/28/14); 144 So.3d 876, 882. In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Jackson v. Wise*, 249 So.3d at 850.

## DISCUSSION

Admissibility of Exhibits A, B, and C

Pennywise first argues that Beau Box attached documents to its motion for summary judgment that should not have been considered by the trial court. According to Pennywise, Exhibits A, B, and C were unverified documents and thus could not be considered as summary judgment evidence. Pennywise does not challenge the admissibility of Exhibits D and E.

The only documents that may be filed in support of or in opposition to the motion for summary judgment are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written

4

stipulations, and admissions. La. Code Civ. P. art. 966(A)(4). Documents not included in La. Code Civ. P. art. 966(A)(4)'s exclusive list, such as photographs, pictures, video images, or contracts, may not be filed unless they are properly authenticated by an affidavit or deposition to which they are attached. See La. Code Civ. P. art. 966, 2015 Revision Comment (c).

Exhibit D is an affidavit by the manager of Beau Box, to which a copy of the purchase agreement is attached. In the affidavit, Beau Box's manager attests that he is familiar with the purchase agreement between SSMF and Pennywise and states that the purchase agreement is attached and annexed to the affidavit as Exhibit D-1. Thus, the trial court properly considered the purchase agreement as it was properly authenticated under La. Code Civ. P. art. 966.[1]

The Purchase Agreement

The purchase agreement was signed on November 8, 2017 by Ronnie J. Foret as manager of SSMF and Sam Tran as the owner of Pennywise. The final sales price was to be $4,050,000.00. In its terms of sale, the purchase agreement provides that the seller (in this case, SSMF) "shall pay the [r]eal [e]state brokerage commission in the amount of [five percent] of the final selling price . . . which shall be divided equally between [United] and [Beau Box]. The purchase agreement also states that the act of sale is to be passed on or before January 29, 2018. However, the purchase agreement also provides that "the defaulting party shall also be liable for [realtor's] fees and all [attorney's] fees and other costs incurred in the enforcement of any and all rights under this contract."

A contracting party may stipulate a benefit for a third person called a third party beneficiary. Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement. La. Civ. Code art. 1978. There are three

---

[1] Because the purchase agreement, which is attached to Exhibit D, governs this transaction, we pretermit discussion pertaining to the admissibility of Exhibits A, B, and C.

5

criteria for determining whether contracting parties have provided a benefit for a third party: 1) the stipulation is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee. *Maggio v. Parker*, 2017-1112 (La. 6/27/18); 250 So.3d 874, 880. In short, the most basic requirement of a *stipulation pour autrui* is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof. *Id.* at 880.

We find that, under the terms of the purchase agreement, Beau Box is a third party beneficiary. The language in *Brooks v. Shipp*, 481 So.2d 655 (La. App. 1 Cir. 1985) is applicable to the case before us. *Brooks* involved a real estate broker seeking commission from a defendant for the defendant's alleged breach of a real estate purchase agreement. Regarding the legal relationship between the real estate broker and the defendant, this court stated that "[t]heir legal relationship involves a *stipulation pour autri*, as the parties to the purchase agreement conferred a benefit on the real estate agent. The agent is thus a third party beneficiary to the *stipulation pour autri*." *Brooks*, 481 So.2d at 658.

This court further provided that:

> The damage clause in the contract provides that if the purchaser breaches the contract[,] he is obligated to pay the agent's commission plus costs and attorney's fees. This type of penal obligation in favor of a third person may be provided for in a *stipulation pour autri*, and when contained in a real estate purchase agreement, is legally enforceable.

*Brooks*, 481 So.2d at 658, citing *Touchdown Real Estate, Inc. v. Holton*, 426 So.2d 701, 702 (La. App. 1 Cir. 1982) and *Carl Heck Engineers, Inc. v. Haselden & Assoc. Inc.*, 316 So.2d 890, 897 (La. App. 1 Cir.), writ denied, 320 So.2d 912 (La. 1975).

6

The same principles apply here. The language of the purchase agreement conferred a benefit upon Beau Box; namely, a real estate commission in the amount of five percent of the final selling price to be divided equally between United and Beau Box. Thus, the pertinent clause in the purchase agreement and the benefit conferred upon Beau Box are legally enforceable.

Pennywise's lone argument pertaining to the purchase agreement is that Pennywise was never placed in default. We disagree. An obligor is liable for the damages caused by his failure to perform a conventional obligation. A failure to perform results from nonperformance, defective performance, or delay in performance. La. Civ. Code art. 1994. A term for the performance of an obligation is a period of time either certain or uncertain. It is certain when it is fixed. La. Civ. Code art. 1778. When a term for the performance of an obligation is either fixed, or is clearly determinable by the circumstances, the obligor is put in default by the mere arrival of that term. La. Civ. Code art. 1990; see *Williams v. Sustainable Forestry 2000, L.L.C.*, 42,895 (La. App. 2 Cir. 1/9/08); 974 So.2d 178, 180.

The term for completion of the sale in the purchase agreement expired on January 29, 2018. During his deposition, Mr. Tran admitted that Pennywise was unable to obtain the necessary financing. As a result, Pennywise was unable to purchase the property on or before January 29, 2018. Pursuant to La. Civ. Code art. 1990, because Pennywise failed to purchase the property on or before January 29, 2018, it was put in default upon the passing of that date.

As provided in the purchase agreement, the defaulting party is liable for realtor's fees. Accordingly, Pennywise is liable to Beau Box for half of the five percent commission. The purchase price for the property was $4,050,000.00. Five percent of $4,050,000.00 is $202,500.00, and half of $202,500.00 is $101,250.00.

7

Therefore, Pennywise is liable to Beau Box for $101,250. The trial court's ruling was correct.[2]

Attorney's Fees

Pennywise argues that Beau Box had no statutory or contractual right to attorney's fees. Beau Box argues that the language of the purchase agreement entitles Beau Box to attorney's fees.

The trial court is vested with considerable discretion in making an award of attorney's fees, and the award will not be disturbed in the absence of a clear abuse of discretion. *Dipaola v. Municipal Police Employees' Retirement System*, 2014-0037 (La. App. 1 Cir. 9/25/14); 155 So.3d 49, 52, *writ denied*, 2014-2575 (La. 2/27/15); 159 So.3d 1071. Under Louisiana law, attorney's fees are not allowed except where authorized by statute or by contract. *Id.* at 52. As stated above, the purchase agreement provides that the defaulting party shall be liable for all attorney's fees and other costs incurred in the enforcement of any and all rights under the purchase agreement. Thus, we agree with the trial court that attorney's fees are warranted in this case.

At the hearing on Beau Box's motion for summary judgment, the trial court considered an attorney-client fee agreement between Beau Box and its attorney, which was filed in support of the motion for summary judgment, and which listed Beau Box's attorney's fee as forty percent of gross recovery. The trial court stated that the forty percent fee may be disproportional in this particular case, but not by "a whole lot." Accordingly, the trial court awarded $30,000.00 in attorney's fees to Beau Box.

---

[2] Pennywise asserts several arguments pertaining to the listing agreement between Beau Box and SSMF. However, considering the language of the purchase agreement, which clearly names Beau Box as one of the real estate agencies handling the transaction at issue and confers a benefit upon Beau Box, we find that the purchase agreement governs. Accordingly, Pennywise's arguments regarding the listing agreement are moot. See *Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance*, 98-0601 (La. 10/20/98); 720 So.2d 1186, 1193 ("[A]n issue is 'moot' when a judgment or decree on that issue has been 'deprived of practical significance' or made abstract or purely academic.").

Considering that the award in this case is $101,250.00, the amount of attorney's fees awarded is reasonable. After review of the entire record, we find that the trial court did not abuse its discretion in awarding $30,000.00 in attorney's fees to Beau Box.

## DECREE

For the above and foregoing reasons, the Nineteenth Judicial District Court's judgment granting Beau Box Commercial Real Estate, L.L.C.'s motion for summary judgment is affirmed, awarding Beau Box $101,250.00 in damages and $30,000 in attorney's fees. All costs of this appeal are assessed to Appellant, Pennywise Solutions, Inc.

**AFFIRMED.**