CHAISSON, J.
In this property zoning dispute, Cameron Ehsani-Landry seeks appellate review of a trial court judgment that denied his Petition for Relief from Denial for Rezoning from R-1A to R3 Classification and Writ of Certiorari, and affirmed the decision of the Jefferson Parish Council ("the Council") that denied his application to have the property at 2916 Destrehan Avenue rezoned. For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
The property at issue in this case, Lot 26, Square B of the Woodmere Subdivision in Jefferson Parish bearing municipal address 2916 Destrehan Avenue, includes a residential four-plex structure. At the time of the building's construction sometime in 1974, the area was zoned R-3 multi-family residential. Following an area study in 1994, the Council rezoned the area to R-1A, single family residential. At the time of the 1994 rezoning and in the following years, the four-plex remained occupied, and maintained a legal non-conforming use. In 2013, the tenants moved out and the building became vacant. The building remained unoccupied for more than a year and, pursuant to the Jefferson Parish Code of Ordinances Sec. 40-702, lost its legal non-conforming use sometime in late 2014. On June 25, 2015, Mr. Ehsani-Landry purchased the property.
Following a December 11, 2015 citation from the Parish Department of Inspection and Code Enforcement for performing renovation work without a permit, Mr. Ehsani-Landry filed an application with the Jefferson Parish Planning Department on December 22, 2015, to change the zoning of the property from R-1A, single family residential, to R-3, multiple family residential. The application was considered at a February 11, 2016 public hearing of the Planning Advisory Board at which time the Planning Department's zoning/land use report was presented. The report included recommendations on the application from various Parish agencies involved in zoning and land use decisions. The Department of Inspection and Code Enforcement opposed Mr. Ehsani-Landry's application because parking on the site was insufficient. The Planning Department found that the proposed rezoning was not consistent with the Parish's Comprehensive Plan and recommended a denial of the application.
*335 The Planning Advisory Board also voted to recommend denial of the application.
At a March 16, 2016 regular meeting of the Council, it considered Mr. Ehsani-Landry's application, as well as the recommendations of the Planning Department and the Planning Advisory Board, and voted unanimously to deny the rezoning application.
On April 15, 2016, Mr. Ehsani-Landry filed a petition in the 24th Judicial District Court seeking relief from the Council's denial of his request for rezoning. Following a hearing on the petition, on September 20, 2016, the trial court issued a judgment denying the petition. Mr. Ehsani-Landry now appeals that judgment, raising multiple assignments of error, which we consider in globo in our discussion below.[1]
DISCUSSION
We first address Mr. Ehsani-Landry's ninth assignment of error: that the trial court erred in not granting a rehearing before the Council because he did not receive mailed, written notice of the Council meeting at which his application for rezoning was considered. Under the Jefferson Parish Code of Ordinances Sec. 40-878, which articulates the public hearing and notice requirements for zoning applications, the Parish is not required to mail written notice to rezoning applicants of Council meetings. Those meetings are governed by the Open Meetings Law as codified in La. R.S. 42:19, et seq. Jefferson Parish introduced evidence that the Council properly published and advertised its meetings, including the one where Mr. Ehsani-Landry's application was considered, in compliance with the Opening Meetings Law. Therefore, we find that the trial court properly denied Mr. Ehsani-Landry's request for a rehearing before the Council based on a lack of notice.
In his second assignment of error, Mr. Ehsani-Landry argues that the trial court erred in failing to find the 1994 Planning Department Zoning Study to be "biased and fatally flawed." Jefferson Parish points out that Mr. Ehsani-Landry failed to raise this issue before the trial court, but rather raises it for the first time on appeal.
Uniform Rules, Courts of Appeal, Rule 1-3 states:
The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10 (B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.
In this instance, Mr. Ehsani-Landry did not raise the issue of bias or fatal flaws in the 1994 Planning Department Zoning Study either in his petition or at the hearing before the trial court. Therefore, this Court will not consider this assignment of error.
We next consider the issues raised in Mr. Ehsani-Landry's first, fourth, fifth, sixth, and seventh assignments of error, which may be summarized as follows: first, he argues that the trial court erred in not extending the one-year period set forth in Jefferson Parish Code of Ordinances Sec. 40-702 to allow for the continuation of a nonconforming use following foreclosure *336 proceedings. Next, he argues that the trial court erred in failing to find that the 1994 rezoning was an unconstitutional taking that substantially damaged the value of his property. As to these issues, we find that Mr. Ehsani-Landry lacks standing to bring either of these arguments before the Court.
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. Addressing the first argument, Mr. Ehsani-Landry contends that by failing to toll the statute of limitations, Jefferson Parish Code of Ordinances Sec. 40-702 prejudices third parties, including bona fide lien holders and others with security rights in the properties which lose their nonconforming uses under that statute. It is undisputed that Mr. Ehsani-Landry had no ownership interest or property rights in the property until he purchased it by Warranty Deed in Lieu of Foreclosure from the Bank of New York Mellon on June 25, 2015. Therefore, he had no property rights that could have been damaged when the nonconforming use was lost in December 2014, prior to his purchase. Our courts have long recognized that under the subsequent purchaser rule, a property owner has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of the rights belonging to the owner of the property when the damage was inflicted. Eagle Pipe & Supply, Inc. v. Amerada Hess Corp. , 10-2267 (La. 10/25/11), 79 So.3d 246, 256-7. Mr. Ehsani-Landry introduced no evidence of an assignment of rights, and therefore the trial court was correct in denying the relief requested in the petition based upon this argument.
Mr. Ehsani-Landry also contends that it was error for the trial court to not find that the rezoning was an unconstitutional taking and thus award him damages. A person's right to property is protected under both the Fifth Amendment of the United States Constitution ("... nor shall private property be taken for public use, without just compensation ...") and Article I, § 4 of the Louisiana Constitution ("[p]roperty shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit."). Mr. Ehsani-Landry argues that the 1994 zoning ordinance, which rezoned the property with a four-unit multifamily dwelling from R-3 to R-1A, allowing only for single family dwellings with one unit, substantially diminished the value of the property. Again, it is undisputed that Mr. Ehsani-Landry had no ownership rights or interests in the property until he purchased it on June 25, 2015. Therefore, under the same provisions of the previously articulated subsequent purchaser rule, Mr. Ehsani-Landry has no right to recover compensation for a taking which may have occurred twenty-one years prior to his purchase. We find that the trial court was correct to deny the relief requested in the petition based upon this argument.
Lastly, we address Mr. Ehsani-Landry's third assignment of error that the trial court erred in not finding that the Council's decision to deny his rezoning request was arbitrary and capricious. In a strikingly similar case involving the rezoning of properties with four-plex structures in the same Woodmere neighborhood, TTC Props. v. Par. of Jefferson , 17-363 (La. App. 5 Cir. 12/27/17), 237 So.3d 62, 2017 WL 6603818, 2017 La. App. LEXIS 2428, this Court articulated the applicable standard of review of a trial court's judgment on a petition for relief from the Council's denial of an application for rezoning, as follows:
*337 The authority to enact zoning regulations flows from the police power of each governmental body. Therefore, a prima facie presumption of validity attaches to zoning board actions ... In a zoning dispute, the petitioner bears the heavy burden of proving that the action taken by the Parish Council in denying the application for a zoning change was arbitrary and capricious. On appellate review, the court's inquiry is limited to the reasonableness of the Council's decision to deny the request for rezoning; it does not consider whether the district court manifestly erred in its findings.
Id. , quoting Shaw v. Jefferson Par. , 15-453 (La. App. 5 Cir. 2/24/16), 186 So.3d 1181, 1184-85.
Like the plaintiff in TTC Properties , Mr. Ehsani-Landry argues that the Council acted arbitrarily and capriciously in denying his rezoning request because rezoning requests for similarly situated properties in the same neighborhood were previously granted. In TTC Properties , we found that, even though there were many similarities between the plaintiff's rezoning applications, which had been denied, and other prior rezoning applications, which had been granted, the plaintiff failed to meet his burden to show that the Council's denial was arbitrary and capricious, because the action was rationally related to the health, safety, and general welfare of the public.
In its written reasons for judgment, the trial court found that Mr. Ehsani-Landry failed to meet his burden to show that the Council acted in an arbitrary and capricious manner. Specifically, the trial court found that the Council's decision to deny Mr. Ehsani-Landry's application was rationally related to the general welfare of the public in light of the evidence presented showing that the Council relied on the recommendations of the Planning Department and Planning Advisory Board to fulfill the objectives of the Comprehensive Plan. After careful review of the record in this matter, we agree with the conclusion of the trial court that Mr. Ehsani-Landry failed to meet his burden of establishing that the Council's decision to deny his application was arbitrary and capricious. In response to Mr. Ehsani-Landry's argument that the Council's decision was arbitrary and capricious because it had approved prior applications for rezoning of similarly situated properties in the same neighborhood, Jefferson Parish introduced written reports from the Planning Department and Planning Advisory Board, as well as the news reports of incidents of violent crime in the neighborhood, to establish that the Council's decision was a reasonable one, rationally related to the health, safety, and general welfare of the public. In particular, Jefferson Parish introduced evidence of the July 2013 murder of a six-year-old child whose body was found in a garbage can in the same block as the four-plex that is the subject of this litigation. Jefferson Parish also introduced newspaper articles indicating that police and parish officials cited vacant four-plexes in the neighborhood as conducive to criminal activity and a threat to public safety. Mr. Ehsani-Landry failed to introduce any evidence which controverted Jefferson Parish's evidence or which overcame the prima facie presumption of the validity of the Council's decision. Accordingly, we find that judgment was properly rendered in favor of Jefferson Parish.
DECREE
For the reasons stated herein, we affirm the judgment of the trial court dismissing Mr. Ehsani-Landry's petition with prejudice.
AFFIRMED

Mr. Ehsani-Landry's eighth assignment of error, that the trial court erred in not issuing written reasons for judgment, is moot. The record indicates that the trial court issued Written Reasons for Judgment on October 18, 2016.