SHANE SALATHE

VERSUS

THE PARISH OF JEFFERSON THROUGH
THE DEPARTMENT OF SEWERAGE

NO. 19-CA-497

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 749-298, DIVISION "M"
HONORABLE HENRY G. SULLIVAN, JR., JUDGE PRESIDING

October 21, 2020

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Hans J. Liljeberg, and John J. Molaison, Jr.

<u>**AFFIRMED**</u>
**RAC**
**HJL**
**JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
KAREN G. SALATHE AND WAYNE SALATHE
> Richard C. Trahant
> Jack E. Morris

COUNSEL FOR DEFENDANT/APPELLEE,
CONSOLIDATED SEWERAGE DISTRICT NO. 1
OF THE PARISH OF JEFFERSON
> Guice A. Giambrone, III
> Jacob K. Best

COUNSEL FOR DEFENDANT/APPELLEE,
AMERICAN ALTERNATIVE INSURANCE COMPANY
> Tara E. Clement
> Jameson M. Taylor

COUNSEL FOR INTERVENOR/APPELLANT,
AMERISURE INSURANCE COMPANY
> Sidney W. Degan, III
> Foster P. Nash, III
> Stephanie L. Cheralla
> Travis L. Bourgeois

**CHAISSON, J.**

In this personal injury lawsuit, Amerisure Insurance Company

("Amerisure") filed a petition of intervention seeking reimbursement of workers'

compensation benefits that it paid to Shane Salathe, the injured plaintiff.

Amerisure now appeals a judgment of the trial court that granted motions for

summary judgment filed by Consolidated Sewerage District No. 1 of the Parish of

Jefferson ("the Parish"), American Alternative Insurance Corporation ("AAIC"),

and Karen G. Salathe and Wayne Salathe, which dismissed with prejudice the

petition of intervention filed by Amerisure. For the following reasons, we affirm

the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

This case, which has twice previously been before this Court on appeal

regarding issues of insurance coverage, arises from a worksite accident resulting in

serious injuries to Shane Salathe.[1] *See Salathe v. Par. of Jefferson through Dep't*

*of Sewerage*, 18-447 (La. App. 5 Cir. 12/19/18), 262 So.3d 429 and 19-427 (La.

App. 5 Cir. 7/15/20), 300 So.3d 460. The following facts and procedural history

are relevant to this appeal.

On November 7, 2014, the Parish entered into a contract with Fleming

Construction Company, LLC ("Fleming") for the replacement or restoration of

existing sewer mains in Jefferson Parish. The construction contract between the

Parish and Fleming, the Standard General Conditions of the Construction Contract,

required Fleming to procure certain insurance policies naming the Parish as an

additional insured, including commercial general liability (CGL) and umbrella

insurance policies. The construction contract also required Fleming to procure

workers' compensation insurance coverage to protect against the risk of workplace

---

[1] After the death of the original plaintiff, Shane Salathe, the trial court granted the motion of Mr. Salathe's parents, Karen and Wayne Salathe, to substitute themselves as his legal successors in this litigation.

injury to Fleming's employees. The particular contractual provisions requiring insurance that are at issue in this appeal state the following:

5.04 CONTRACTOR'S Liability Insurance

A. CONTRACTOR shall purchase and maintain such liability and other insurance as is provided herein or in the Supplementary Conditions, as is appropriate for the Work being performed and as will provide protection from claims set forth below which may arise out of or result from CONTRACTOR's performance of the Work and CONTRACTOR's other obligations under the Contract Documents, whether it is to be performed by the CONTRACTOR, any Subcontractor or Supplier, or by anyone directly or indirectly employed by any of them to perform any of the Work, or by anyone for whose acts any of them may be liable;
…
1. claims under workers' compensation, disability benefits, and other similar employee benefit acts;

2. claims for damages because of bodily injury, occupational sickness or disease, or death of CONTRACTOR's employees;
…
B. The policies of insurance so required by this paragraph 5.04 to be purchased and maintained shall:

1. with respect to comprehensive general liability, automobile liability, and umbrella liability, name the OWNER as additional insured, be primary to any insurance carried by the OWNER, and with respect to workers' compensation only, include a Waiver of Subrogation in favor of the OWNER and any principals for whom the OWNER is working, including any co-lessors of such principals; and, with respect to all of the foregoing, be subject to the approval of the owner;
…
4. include contractual liability insurance covering CONTRACTOR's indemnity obligations under paragraphs 6.07, 6.11, and 6.20;
                                        …

Pursuant to these provisions, Fleming procured a worker's compensation policy from Amerisure, the "Workers Compensation and Employers Liability Insurance Policy" No. WC-2077898-03, which contained a "Waiver of Our Right to Recover from Others Endorsement." Fleming also procured from Amerisure the Commercial General Liability policy bearing Policy No. GL 20778990301. Further, Fleming procured from Alterra America Insurance Company ("Alterra") the Commercial Excess Liability policy bearing Policy No. MAXA3EC50001291.

19-CA-497                                 2

On February 5, 2015, while ascending a ladder from a wet well where he had performed work, Fleming foreman Shane Salathe fell off the ladder nearly thirty feet to the bottom of the well. He suffered catastrophic brain injury and paraplegia. A few months later, on May 1, 2015, Mr. Salathe filed a petition for damages naming the Parish as a defendant. He alleged that the Parish is liable for his injuries through its negligence in failing to maintain the hinge on the well door, which failed when he reached for it prior to his fall down the well. In a second amended and supplemental petition, Mr. Salathe added as defendants the Parish's insurer, AAIC, and Fleming's insurers, Amerisure and Alterra, because of their contractual obligations to defend and indemnify the Parish as a named insured.

On January 25, 2016, Amerisure filed a petition of intervention in its capacity as workers' compensation insurance carrier for Fleming, wherein it alleged that it had paid workers' compensation benefits to Mr. Salathe and is therefore entitled to credit or reimbursement by preference and priority out of any settlement or judgment rendered in favor of Mr. Salathe. Alternatively, Amerisure alleged that it is entitled to recover directly from defendants all benefits, costs, and fees it has paid on behalf of Mr. Salathe. In his answer to the petition of intervention, Mr. Salathe denied Amerisure's claim and averred that Amerisure wrongfully failed and refused to pay certain claims for compensation and benefits owed to him pursuant to the policy and the Louisiana Workers Compensation Act. The Parish also filed an answer to the petition denying Amerisure's claim and raising the affirmative defense of waiver.

Both Mr. Salathe and the Parish averred in their answers to the petition and in subsequently filed motions for summary judgment, that pursuant to the terms set forth in both the General Conditions Contract between Fleming and the Parish and the "Waiver of our Right to Recover from Others Endorsement" to the Amerisure

workers' compensation policy, Amerisure contractually waived its right to recover any benefits it has paid or will be called upon to pay on behalf of Mr. Salathe.

An additional development in the litigation during this time was that Amerisure, in its capacity as the CGL carrier, and Alterra, in its capacity as the excess liability carrier, filed motions for partial summary judgment seeking to limit their liability under the CGL and umbrella policies issued to Fleming. In particular, they sought to have the trial court declare as null, void, and unenforceable under Louisiana law: 1) the sections of the General Conditions Contract which required Fleming to contractually indemnify the Parish for any bodily injuries which occurred to Fleming employees on the job which were caused by the Parish's own negligence and; 2) those provisions which required Fleming to name the Parish as an Additional Insured in the CGL and umbrella insurance policies to cover those same injuries. In a judgment rendered May 9, 2018, the trial court granted these motions and in so doing declared, "[t]he Court finds that the contractual indemnity and insuring agreements between the Parish of Jefferson and Fleming Construction Company, LLC are void, null, and unenforceable under Louisiana law." Mr. Salathe and the Parish and its insurer, AAIC, appealed that judgment.

Subsequently, in November 2018, Amerisure, in its capacity as workers' compensation insurer, filed its opposition to the motions for summary judgment seeking the dismissal of its petition of intervention. In its opposition, Amerisure initially argued that the waiver in the policy endorsement is inapplicable because of the May 9, 2018 judgment of the trial court that declared null, void, and unenforceable the language in the General Conditions Contract that required the Parish to be named an additional insured on the commercial general liability and umbrella insurance policies procured by Fleming. Shortly thereafter, on December 19, 2018, this Court, in the first appeal of this case, issued an opinion

vacating the May 9, 2018 judgment of the trial court on procedural grounds, without addressing the parties' arguments on the merits. *Salathe*, 262 So.3d at 432.

After this Court vacated the May 9, 2018 judgment on procedural grounds, Amerisure and Alterra, in their capacities as insurers on the CGL and umbrella policies issued to Fleming, refiled their motions for summary judgment seeking to have the contractual indemnity and additional insured requirements of the General Conditions Contract declared null, void, and unenforceable. Additionally, Amerisure, in its capacity as workers' compensation insurer, filed a supplemental memorandum in opposition to the motions for summary judgment seeking dismissal of its petition of intervention. In this supplemental memorandum, Amerisure argued that any ruling on the motions seeking dismissal of its intervention would be premature because there was no final judgment on whether the language of the General Conditions Contract was null, void, and unenforceable. Alternatively, Amerisure argued that the motions should be denied based on the language of the endorsement itself, or a general prohibition against double recovery.

On May 16, 2019, the trial court granted the motions for summary judgment filed by Mr. Salathe and Jefferson Parish (and its insurer, AAIC) and dismissed with prejudice Amerisure's petition of intervention. Two weeks later, on May 30, 2019, the trial court ruled on the motions for summary judgment filed by Amerisure and Alterra, in their capacities as insurers on the CGL and umbrella policies issued to Fleming, and rendered a judgment again declaring the language of the General Conditions Contract requiring Fleming to contractually indemnify or name the Parish as an additional insured on the CGL and umbrella policies to be null, void, and unenforceable. Amerisure now appeals the May 16, 2019 judgment that dismissed its petition of intervention.

On appeal, Amerisure enumerates only one assignment of error, that the trial court erred in granting the summary judgment motions and dismissing Amerisure's petition of intervention, but raises multiple issues for review which may be summarized as follows: whether summary judgment was appropriate in light of the trial court's subsequent judgment declaring terms of the General Conditions Contract null, void, and unenforceable; whether the trial court erred in its interpretation of the endorsement language which purports to prevent a double recovery or third-party benefit accruing to the Salathes. We address these errors in our discussion below.

**DISCUSSION**

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *In re Succession of O'Krepki*, 16-50 (La. App. 5 Cir. 5/26/16), 193 So.3d 574, 577. A motion for summary judgment should be granted if, after an adequate opportunity for discovery, the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(4).

We begin with the primary argument made in Amerisure's assignment of error: whether, in its endorsement, Amerisure contractually waived its right to recover any benefits or payments made under the workers' compensation policy. The language of the Waiver of Right to Recover from Others Endorsement states:

> We have the right to recover our payments from anyone liable for any injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule. (This agreement applies only to the extent you perform work under a written contract that requires you to obtain this agreement from us.)

> This agreement shall not operate directly or indirectly to benefit anyone not named in the Schedule.

Schedule

*"Any person or organization required by written contract or certificate of insurance."*

(Emphasis supplied.)

Pursuant to this language, if the terms of the General Conditions Contract required Fleming to procure a workers' compensation policy which included a waiver of subrogation in favor of the Parish, then the Parish is an organization named in the Schedule against which Amerisure agrees not to enforce its rights. It is uncontested by the parties that Section 5.04 of the General Conditions Contract does require Fleming to procure such a policy. The question thus becomes whether this language has been declared null, void, and unenforceable with respect to the workers' compensation policy.

Amerisure argues that the May 30, 2019 judgment of the trial court, rendered subsequent to the judgment at issue in this appeal, renders these terms null, void, and unenforceable with respect to the workers' compensation policy. We note that this argument (*i.e.*, that the substance of a subsequent judgment affects this Court's analysis of the issues in this appeal) is distinct from the argument made to the trial court prior to its May 16, 2019 judgment, which was that any judgment on the motions for summary judgment would be premature. Amerisure's argument, therefore, is a new argument that was not before the trial court when it ruled on May 16, 2019. Ordinarily, this Court would decline to consider such a new argument on appeal. See Uniform Rules, Courts of Appeal, Rule 1-3; *Ehsani-Landry v. Jefferson Par.*, 17-468 (La. App. 5 Cir. 3/14/18), 240 So.3d 332, 335. However, given the unusual procedural circumstances of this case, with the original May 9, 2018 judgment of the trial court having been vacated by this Court on appeal, and in the interests of judicial economy, we will consider the merits of Amerisure's arguments regarding the effect of the subsequent judgment.

Amerisure's argument requires a careful examination of the trial court's

May 30, 2019 judgment, the language of which is distinct from the prior, May 9,

2018 judgment vacated by this Court. The May 30, 2019 judgment states:

> IT IS ORDERED, ADJUDGED, AND DECREED that the Motion for Summary Judgment on Behalf of Amerisure Insurance Company and Alterra Insurance Company is hereby GRANTED as follows:
>
> To the extent that the contractual indemnity provisions of the contract between Consolidated District No. 1 of the Parish of Jefferson and Fleming Construction Company, LLC., could be interpreted as requiring Fleming Construction Company, LLC to indemnify Jefferson Parish for Jefferson Parish's own sole, joint, or concurrent negligence, those provisions are declared null, void, and unenforceable under Louisiana law.
>
> To the extent that the contractual indemnity provisions of the contract between Consolidated District No. 1 of the Parish of Jefferson and Fleming Construction Company, LLC could be interpreted as requiring Fleming Construction Company, LLC to name Jefferson Parish as an Additional Insured for the purpose of providing coverage to Jefferson Parish for Jefferson Parish's own negligence, those provisions are declared null, void, and unenforceable under Louisiana law.
>
> The contractual indemnity provisions of the contract between Consolidated District No. 1 of the Parish of Jefferson and Fleming Construction Company, LLC., remain valid, so long as they are not interpreted to require indemnification or additional insured coverage against Jefferson Parish's own sole, joint, or concurrent negligence.
>
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all claims asserted against Amerisure's Commercial Liability Policy #GL20778990301 and Alterra's Commercial Excess Liability Policy #MAXA3EC50000129 are hereby dismissed, with prejudice, to the extent that the policies could be interpreted as providing coverage for Jefferson Parish's own sole, joint, or concurrent negligence.

We do not read the language of this judgment as declaring null, void, and

unenforceable those provisions of the General Conditions Contract relating to the

procurement of workers' compensation insurance. Nor do we read this language as

declaring null, void, and unenforceable the waiver of subrogation in favor of the

Parish. On the contrary, the trial court's judgment has been carefully worded and

tailored to address only those provisions relating to the CGL and umbrella policies,

and explicitly recognizes as valid the other portions of the General Conditions Contract. As such, Jefferson Parish is properly considered as named party in the Waiver of Right to Recover from Others Endorsement.[2]

We consider next Amerisure's argument that the language of the endorsement which states that "[the] agreement shall not operate directly or indirectly to benefit anyone not named in the Schedule," precludes granting a motion for summary judgment dismissing their petition of intervention because it would benefit the Salathes who are not named in the Schedule.

Mr. Salathe, as an employee of Fleming, is a third party beneficiary to the insuring agreement between Fleming and Amerisure. As La. C.C. art. 1978 states, once a third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent or revoke the stipulation without the beneficiary's agreement. In Louisiana, such a contract for the benefit of a third party is called a "stipulation *pour autrui*." *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So.3d 874, 880. A stipulation *pour autrui* is never presumed. *Id*. The most basic requirement of such a stipulation is that the contract manifest a clear intention to benefit the third party. *Id*.

Such an intention is manifest here in the terms of the Amerisure workers' compensation policy and in Amerisure's petition of intervention. First, the policy clearly acknowledges third party beneficiaries and their rights. Part One Section G of the policy states, "[w]e [Amerisure] have your [Fleming's] rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury," and Section H states further "[w]e are directly and primarily liable to any person entitled to the benefits payable by this insurance.

---

[2] Our determination here renders moot any further discussion concerning the applicability of La. R.S. 9:2780.1, which was not before the trial court. Further discussion of that law, which includes exceptions for recovery of damages under workers' compensation laws and allowances for certain indemnity contracts where evidence shows the indemnitor recovered the cost of the required insurance in the contract price, may be found in our prior disposition of the other appeal in this case, *Salathe v. Par. of Jefferson Through Dep't of Sewerage*, 19-427 (La. App. 5 Cir. 7/15/20), 300 So.3d 460.

Those persons may enforce our duties; …" Next, Amerisure's petition of intervention acknowledges that Mr. Salathe is a beneficiary under the policy who has been paid compensation in accordance with the terms of the policy and the provisions of the Louisiana Workers' Compensation Act. Fleming was undoubtedly aware, when purchasing the waiver of subrogation endorsement which would preclude Amerisure from recovering against third party tortfeasors, that this could provide a benefit to its own injured employees covered by the policy. *See Fontenot v. Chevron U.S.A. Inc.*, 95-1425 (La. 7/2/96), 676 So.2d 557, 566. Thus, the language of the endorsement creates a stipulation *pour autrui* in favor of the Salathes, which cannot be revoked without their consent.

Finally, we address Amerisure's argument that the motions to dismiss their petition of intervention should not be granted because doing so would allow the Salathes a double recovery for the injuries suffered by Mr. Salathe. Amerisure points to the fact that Jefferson Parish has been named as the only tortfeasor in the Salathes' petition for damages. We find this argument to be without merit both because of the arguments articulated above and because it disregards that, at the trial on the petition, the triers of fact may apportion fault to parties other than the Parish, including Fleming and Mr. Salathe himself. As such, this argument is speculative and without merit.

**CONCLUSION**

For the foregoing reasons, we find that the trial court did not err in granting the motions for summary judgment filed by the Salathes and Jefferson Parish. On our *de novo* review, we find no genuine issues of material fact, and that the Salathes and the Parish are entitled to summary judgment as a matter of law. The judgment of the trial court is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 21, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 19-CA-497

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE HENRY G. SULLIVAN, JR. (DISTRICT JUDGE)

JACK E. MORRIS (APPELLEE)
JACOB K. BEST (APPELLEE)
KATHLEEN P. RICE (APPELLEE)
TARA E. CLEMENT (APPELLEE)
GLEN E. MERCER (APPELLEE)

RICHARD C. TRAHANT (APPELLEE)
JAMES A. PRATHER (APPELLEE)
PATRICK J. MCSHANE (APPELLEE)
SIDNEY W. DEGAN, III (APPELLANT)

GUICE A. GIAMBRONE, III (APPELLEE)
DANICA B. DENNY (APPELLEE)
JAMESON M. TAYLOR (APPELLEE)
TRAVIS L. BOURGEOIS (APPELLANT)

### MAILED

LAUREN A. GUICHARD (APPELLEE)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 3700
NEW ORLEANS, LA 70163

WILLIAM P. WORSLEY (APPELLEE)
ATTORNEY AT LAW
701 POYDRAS STREET
SUITE 4800
NEW ORLEANS, LA 70139

KOURTNEY TWENHAFEL (APPELLEE)
ATTORNEY AT LAW
365 CANAL STREET
SUITE 1710
NEW ORLEANS, LA 70130

CHRISTOPHER MEEKS (APPELLEE)
JAMES W. ADAIR (APPELLEE)
ATTORNEYS AT LAW
THREE SANCTUARY BOULEVARD
SUITE 301
MANDEVILLE, LA 70471

FOSTER P. NASH, III (APPELLANT)
STEPHANIE L. CHERALLA (APPELLANT)
ATTORNEYS AT LAW
400 POYDRAS STREET
SUITE 2600
NEW ORLEANS, LA 70130