Judgment rendered June 29, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,545-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

GEORGE MATTHEW                                    Plaintiffs-Appellants
CULBERSON AND SARAH
ELIZABETH CULBERTSON

versus

WELLS FARGO USA HOLDINGS,                         Defendants-Appellees
INC., WELLS FARGO, N.A.,
WELLS FARGO HOME
MORTGAGE, INC. STEVE
RANNEY, AND MATTHEW
KRUEGER

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 614,421

Honorable Michael A. Pitman, Judge

* * * * *

ALAN PESNELL LAWYER, LLC                          Counsel for Appellants
By: W. Alan Pesnell

BURR & FORMAN, LLP                                Counsel for Appellees,
By: Christopher D. Meyer                          Wells Fargo USA
                                                  Holdings, Inc., Wells
                                                  Fargo Bank, N.A., Wells
                                                  Fargo Home Mortgage,
                                                  Inc.

* * * * *

Before MOORE, COX, and THOMPSON, JJ.

**THOMPSON, J.**

An active duty servicemember in the United States Air Force and his wife, who are entitled to certain protections afforded by the Servicemembers Civil Relief Act, signed a mortgage with Wells Fargo on a property they owned in Shreveport. Soon after signing the mortgage, the couple filed for bankruptcy. Whether any payments were made toward the mortgage is uncertain. Wells Fargo appeared in the bankruptcy proceedings and moved to have the property abandoned for purposes of eventual foreclosure. The couple moved to Florida and were granted a discharge under Chapter 7 bankruptcy laws. To date, Wells Fargo has not foreclosed on the property, steadfastly asserting that the mortgage account remains subject to the protections of the federal Servicemembers Civil Relief Act. Despite no evidence of repayment of any of the debt, the servicemember and his wife filed suit, claiming ownership of the property due to Wells Fargo's failure to foreclose against them within five years of the abandonment of the property in the bankruptcy. They assert that their obligations under the mortgage are prescribed. We find that the mortgage account is subject to the protections of the Servicemembers Civil Relief Act, which tolls any state prescriptive period for the duration of one's active duty military service, and we affirm the trial court's ruling.

## FACTS

To afford certain safeguards in civil litigation, including foreclosure proceedings for active duty members of the armed services, Congress enacted the Servicemembers Civil Relief Act ("SCRA"), which is a federal

law designed to ease financial burdens on servicemembers during periods of active duty military service.  50 U.S.C. §§ 3901-4043.

50 U.S.C. § 3936 provides as follows:

## § 3936. Statute of limitations

 **(a) Tolling of statutes of limitation during military service**
The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

**(b) Redemption of real property**
A period of military service may not be included in computing any period provided by law for the redemption of real property sold or forfeited to enforce an obligation, tax, or assessment.

**(c) Inapplicability to internal revenue laws**
This section does not apply to any period of limitation prescribed by or under the internal revenue laws of the United States.

On September 19, 2000, George Matthew Culbertson[1] began active duty military service in the United States Air Force.  On May 17, 2008, he and his wife, Sarah Culbertson, (hereinafter collectively referred to as "appellants") signed a mortgage with Wells Fargo on a home located at 202 Leland Drive, Shreveport, LA 71105. Wells Fargo funded the loan.  Benefits under the SCRA were applied to appellants' account at the outset, due to Mr. Culbertson's status as active duty military when the mortgage was signed.

On February 17, 2009, approximately 9 months after signing the mortgage on their house, appellants filed for bankruptcy in the United States Bankruptcy Court for the Western District of Louisiana. The record is not

---

[1] In the original lawsuit's caption, George Culbertson's last name is incorrectly spelled "Culberson."  The correct spelling, "Culbertson," will be used herein.

clear on whether the appellants ever made any effort to repay Wells Fargo. On October 27, 2009, Wells Fargo moved the bankruptcy court to lift the automatic stay and to abandon the property, an important and mandatory first step required for Wells Fargo to begin the process of foreclosing on the property in an attempt to recover the money owed to it by appellants. On November 16, 2009, by order of the bankruptcy court, the property was abandoned in the bankruptcy, which enabled Wells Fargo to take the next step in a foreclosure proceeding. To date, Wells Fargo has not taken any further action to foreclose on the property against the active duty servicemember, Mr. Culbertson.

On March 5, 2012, appellants were granted a discharge under Chapter 7. Their bankruptcy case was closed on April 30, 2012.

On March 11, 2015, Wells Fargo sent Mr. Culbertson a letter with notice that his loan "was approved for SCRA benefits." Wells Fargo sent appellants similar letters over the course of the next few years. Wells Fargo continued its pattern of behavior and did not proceed further with any action to foreclose against the appellants.

On October 22, 2018, appellants contacted Wells Fargo via telephone. Mrs. Culbertson stated that she believed the property had been turned over in their bankruptcy and was unaware of the SCRA protections on the account. Wells Fargo informed appellants that the loan was still active, as it was protected against foreclosure under the SCRA; therefore, foreclosure had not occurred.

Following an internal review, on January 3, 2019, Wells Fargo sent appellants another letter confirming that SCRA benefits were applied to their

3

mortgage account beginning in 2008. The letter also stated that the mortgage account was currently receiving benefits under the SCRA. Wells Fargo did not appear eager to initiate foreclosure proceedings against an active duty member of the armed services. The letter provided: "If you would like us to initiate foreclosure proceedings our customer must execute the Servicemembers Civil Relief Act Waiver of Rights Form (Waiver of Rights)." The letter included the contact information for appellants to request a waiver of rights form. The letter concluded:

> We want to let you know a bankruptcy filing does not stop SCRA protections from continuing or being placed on the account. Even though you are not liable for the debt the lien is still valid and a foreclosure sale would need to be held. We apologize for any confusion this situation may have caused you.

The appellants do not claim to have executed a waiver of rights form, and the record does not indicate that Wells Fargo received a completed waiver of rights form from appellants.

On February 11, 2019, appellants filed a petition for declaratory judgment in the Caddo Parish district court, alleging that the debt owed to Wells Fargo is prescribed pursuant to La C. C. art. 3498, and all rights under the mortgage are extinguished. La. C. C. art. 3498 is the Louisiana state law containing the prescriptive period for actions on negotiable and nonnegotiable instruments. La. C. C. art. 3498 provides that actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible.

On January 27, 2021, appellants filed a motion for partial summary judgment, seeking summary judgment on the ownership of the house at

4

issue, and an order declaring the Wells Fargo mortgage cancelled.  On March 15, 2021, Wells Fargo filed a motion for summary judgment seeking dismissal of the appellants' claims with prejudice, arguing that the SCRA tolling provision applied to the mortgage.  Wells Fargo asserted that the mortgage was not prescribed, even though foreclosure had not occurred.

On April 26, 2021, a hearing was held on the cross motions for summary judgment.  Following arguments, the trial judge specifically noted the plain language of 50 U.S.C. § 3936, emphasizing that the period of a servicemember's military service may not be included in computing any statute of limitations.  The trial judge stated: "[i]t's undisputed that Mr. Culbertson was a member of the United States Air Force when this property was purchased. […] 50 U.S.C. § 3936 applies in this matter." At the conclusion of the hearing, the trial judge denied appellants' motion for partial summary judgment and granted Wells Fargo's motion for summary judgment, dismissing appellants' action with prejudice.  This appeal followed.

## LAW AND DISCUSSION

Appellants assert two assignments of error:

**Assignment of Error No. 1: The trial court committed legal error in granting the summary judgment motion of Wells Fargo, by applying the provisions of 50 U.S.C. 3936.**

**Assignment of Error No. 2: The trial court committed legal error by failing to grant summary judgment in favor of Appellants.**

Appellate courts review motions for summary judgment *de novo*, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Bess v. Graphic Packaging Int'l,*

5

*Inc.*, 54,111 (La. App. 2 Cir. 11/17/21), 331 So. 3d 490. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Schultz v. Guoth*, 10-0343 (La. 1/19/11), 57 So. 3d 1002. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So. 3d 874; *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876, *cert. denied*, 574 U.S. 869, 135 S. Ct. 197, 190 L.Ed. 2d 130 (2014); *Bess*, *supra*. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Bess*, *supra; Chanler v. Jamestown Ins. Co.*, 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied*, 17-01251 (La. 10/27/17), 228 So. 3d 1230.

Appellants argue the SCRA's provision regarding statutes of limitations, 50 U.S.C. § 3936, does not apply to appellants' mortgage. Therefore, Wells Fargo's failure to foreclose on the property within the five-

6

year prescriptive period contained in La. C. C. art. 3498 extinguishes appellants' obligation under the mortgage, and they are the owners of the subject property. Appellants filed for relief in the bankruptcy court and surrendered the property at issue to the bankruptcy trustee. Appellants note that Wells Fargo appeared in the bankruptcy proceeding and requested that the property be abandoned for the express purpose of foreclosure, but never foreclosed on the property. Appellants seem to argue that Mr. Culbertson's initiation of the bankruptcy proceedings constituted a "waiver" of his SCRA rights on the mortgage account. Further, appellants assert that once the abandonment of the property in the bankruptcy took place, the five-year prescriptive period contained in La. C. C. art. 3498 began to run. We disagree.

Appellants claim that at the point of abandonment of the asset by the bankruptcy court, there was no further impediment for Wells Fargo to foreclose. Appellants argue that a suit against the appellants personally was enjoined by bankruptcy law. Therefore, the foreclosure suit that Wells Fargo failed to initiated would be *in rem*, on the property itself, and not subject to any protection from the SCRA. Therefore, appellants claim that Wells Fargo could have proceeded with the foreclosure on the property *in rem*, and the protections of 50 U.S.C. § 3936 no longer applied to appellants. Appellants discount the property right they have in ownership of the subject property as well as their right to receive, as owners, any excess proceeds above the mortgage that would be generated from the foreclosure sale. The *in rem* limitation of Wells Fargo's rights benefit appellants, as it would stop Wells Fargo from collecting against them any deficiency between the

mortgage balance and the foreclosure sale proceeds. The opposite situation still exists in favor the appellants, as any foreclosure sale proceeds above the remaining balance of the mortgage would be payable to the appellants. What the appellants assert as a shield they also wield as a sword.

Wells Fargo argues that the SCRA does apply to appellants' loan because Mr. Culbertson was, and still is, an active duty servicemember; he had been in active duty service for eight years prior to signing the mortgage with Wells Fargo. Wells Fargo contends that 50 U.S.C. § 3936 of the SCRA requires any applicable prescriptive period be tolled during a servicemember's active duty military service for any claim brought by or against a servicemember.

As Wells Fargo correctly notes, the SCRA's tolling command is "unambiguous, unequivocal, and unlimited." *Conroy v. Aniskoff*, 507 U.S. 511, 514, 113 S. Ct. 1562, 1564, 123 L. Ed. 2d 229 (1993). Further, the tolling provision is mandatory, and there are no exceptions to the straightforward reading of § 3936. The only critical factor is military service; once that circumstance is shown, the period of limitations is automatically tolled for the duration of the service. *See In re Puckett*, 49,046 (La. App. 2 Cir. 4/17/14), 137 So. 3d 1264.

As noted above, a servicemember may waive the protections of the SCRA. 50 U.S.C. § 3918 provides, in pertinent part:

**(a) In general**

A servicemember may waive any of the rights and protections provided by this chapter. Any such waiver that applies to an action listed in subsection (b) of this section is effective only if it is in writing and is executed as an instrument separate from the obligation or liability to which it applies. In the case of a waiver that permits an action described in subsection (b), the

8

waiver is effective only if made pursuant to a written agreement of the parties that is executed during or after the servicemember's period of military service. The written agreement shall specify the legal instrument to which the waiver applies and, if the servicemember is not a party to that instrument, the servicemember concerned.

**(b) Actions requiring waivers in writing**

The requirement in subsection (a) for a written waiver applies to the following:

**(1)** The modification, termination, or cancellation of--

    **(A)** a contract, lease, or bailment; or

    **(B)** an obligation secured by a mortgage, trust, deed, lien, or other security in the nature of a mortgage.

The record contains no evidence that appellants executed a written waiver of the SCRA's protections. Appellants could have done so at any point over the past ten years. Wells Fargo sent appellants written correspondence on more than one occasion informing them of the protections on their account under the SCRA. Wells Fargo also made appellants aware of the requirement to waive their SCRA rights on the mortgage account *in writing*, even though they had filed bankruptcy and their personal obligation had been discharged. The trial court correctly found that until Mr. Culbertson waives his SCRA protections, the SCRA tolls the five-year prescriptive period for foreclosure contained in La. C. C. 3498.

We find that the appellants have failed to provide support for their contention that the SCRA does not apply to the mortgage at issue. Appellants cannot point to any law or jurisprudence that would provide an exception to the mandatory tolling provision of the SCRA in these circumstances. Further, it is clear from the record that appellants never executed a waiver of rights form, as required by 50 U.S.C. § 3918.

9

Appellants also fail to provide any support or applicable jurisprudence for their contention that the initiation of the bankruptcy proceedings constitutes a sufficient waiver of their SCRA rights on the mortgage account, or that a foreclosure proceeding would be *in rem* and not subject to the protections of the SCRA. Accordingly, the five-year prescriptive period contained in La. C. C. art. 3498 has been tolled on the mortgage for the entirety of Mr. Culbertson's active duty military service. Wells Fargo's time to foreclose on the property has not prescribed, as the prescriptive period has not started to run. As such, the appellants' obligations on the mortgage have not been extinguished, and they are not the owners of the subject property. We find both of the appellants' assignments of error to lack merit. The trial court did not err in denying appellants' motion for partial summary judgment, granting Wells Fargo's motion for summary judgment, and dismissing appellants' action with prejudice.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to the Culbertsons.

**AFFIRMED**.

10