Judgment rendered January 11, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

* * * * *

ON REMAND
* * * * *

No. 54,230-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| J. SCHUYLER MARVIN, 26TH JUDICIAL DISTRICT ATTORNEY | Plaintiff-Appellee |
| versus | |
| ROBERT BERRY, and CYPRESS BLACK BAYOU RECREATION And WATER CONSERVATION DISTRICT | Defendants-Appellees |

* * * * *

On Remand from the
Louisiana Supreme Court

Originally Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. C-162,928

Honorable E. Charles Jacobs, Judge

* * * * *

| | |
|---|---|
| LOUISIANA DEPT. OF JUSTICE, CIVIL DIVISION By: Assistant Attorneys General: Madeline Carbonette Emily G. Andrews Angelique Duhon Freel | Counsel for Appellants-Plaintiffs in Intervention, the State of Louisiana and Attorney General Jeffrey M. Landry, in His Official Capacity |

J. SCHUYLER MARVIN
26th Judicial District Attorney

Counsel for Plaintiff-Appellee, J. Schuyler Marvin

LAW OFFICE OF RONALD J. MICIOTTO, LLC
By:  Ronald J. Miciotto
      Justin P. Smith

Counsel for Defendant-Appellee-Robert Berry

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC
By:  Lee H. Ayres
      Alexandra E. Vozzella

Counsel for Defendant-Appellee, Cypress Black Bayou Recreation & Water Conservation District

\* \* \* \* \*

Before PITMAN, STEPHENS, and THOMPSON, JJ.

**PITMAN, J**.

This matter comes before this court on remand from the Louisiana Supreme Court for the consideration of Intervenor-Appellant State of Louisiana's, through the Attorney General's Office (the "AG"), assignment of error related to the summary judgment. For the following reasons, we affirm the district court's granting of the motion for summary judgment filed by Defendants-Appellees Robert Berry and the Cypress Black Bayou Recreational and Water Conservation District (the "District").

## FACTS

On July 10, 2020, the AG notified Berry of a complaint that he was violating the Dual Officeholding and Dual Employment Law, La. R.S. 42:61, et seq., through his employment as the Executive Director of the District and service as a member of the District's Board of Commissioners (the "Board").

On August 19, 2020, J. Schuyler Marvin, the District Attorney of the 26th Judicial District (the "DA"), filed a petition for declaratory judgment and requested that the district court determine whether Berry held incompatible offices in his appointed and employed positions.

On October 23, 2020, Defendants filed a motion for summary judgment. They requested that the district court determine that there are no genuine issues as to material fact, render a declaratory judgment that Berry is not in violation of La. R.S. 42:64 and dismiss the DA's claims.

On November 6, 2020, the DA filed an opposition to the motion for summary judgment. On November 12, 2020, the parties filed a joint motion to submit the motion for summary judgment and opposition on briefs and waive oral argument.

On November 18, 2020, the AG filed a petition to intervene and a motion to continue the hearing on the motion for summary judgment. On November 20, 2020, it filed an opposition to Defendants' motion for summary judgment.

On November 23, 2020, Defendants filed an opposition to the petition to intervene. They also replied to the AG's opposition to their motion for summary judgment and argued that it was untimely and failed to present evidence of a material factual dispute.

A hearing was held on November 24, 2020. The district court denied the AG's petition to intervene and motion to continue. It granted Defendants' motion for summary judgment and rendered declaratory judgment that Berry's positions as a Board member and Executive Director do not constitute incompatible offices pursuant to La. R.S. 42:64. On December 2, 2020, the district court filed a judgment granting Defendants' motion for summary judgment.

The AG appealed the November 24 and December 2, 2020 rulings.

In *Marvin v. Berry*, 54,230 (La. App. 2 Cir. 4/13/22), 338 So. 3d 572, *writ granted*, *cause remanded*, 22-00969 (La. 11/1/22), 348 So. 3d 1274, this court affirmed the district court's denial of the AG's petition to intervene, which pretermitted consideration of the AG's assignments of error. The AG applied for writs with the Louisiana Supreme Court, which determined that the AG could have intervened. It granted the application and remanded the matter to this court for consideration of the AG's assignments of error related to the summary judgment.

2

## DISCUSSION

The AG argues that the district court erred in granting Defendants' motion for summary judgment. It contends that Berry was and remains in violation of the Dual Officeholding and Dual Employment Law, specifically La. R.S. 42:64(A)(1), (4) and (6), by serving as a member of the District's Board and as the District's Executive Director.

Defendants argue that the district court properly granted their motion for summary judgment. They state that they submitted competent evidence to establish that there were no genuine issues of material fact and that Berry's positions as a Board member and as Executive Director do not constitute incompatible offices under La. R.S. 42:64.

The DA filed a brief stating that it is an uninterested party in this appeal and that it finds the reasoning of the district court to be persuasive.

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Reynolds v. Bordelon*, 14-2371 (La. 6/30/15), 172 So. 3d 607. A motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success or determines the outcome of the legal dispute. *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So. 3d 874. A genuine issue is one as to which reasonable persons could disagree. *Id.* If reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id.*

The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action or defense. *Id.* Rather, he must point out the absence of factual support for one or more elements essential to the adverse party's claim, action or defense. *Id.* The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

Appellate courts review motions for summary judgment de novo, using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Reynolds v. Bordelon, supra.*

La. R.S. 42:61(A) states the purpose of a prohibition on dual officeholding and dual employment as follows:

> It is essential to the maintenance of a democratic society that public officials and employees perform the public business in a manner which serves to promote and maintain in the general citizenry a high level of confidence and trust in public officials, public employees, and governmental decisions. The attainment of this end is impaired when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interests of each other. The attainment of a high level of confidence and trust by the general citizenry in public officials, employees, and governmental decisions is further impaired by the excessive accumulation of governmental power which may result from public officials or employees holding two or more public offices or public jobs.

La. R.S. 42:63 sets forth the general prohibitions on dual officeholding and dual employment. La. R.S. 42:64(A) addresses incompatible offices and states, in pertinent part:

> In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same

4

person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:

(1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other . . . .

\*\*\*

(4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.

\*\*\*

(6) Funds received by one office or employment are deposited with or turned over to the other office or position.

The District was created pursuant to La. R.S. 38:2601, et seq. La. R.S. 38:2603 states that the District is a political subdivision of the state of Louisiana and sets forth its purpose and powers. La. R.S. 38:2604 establishes that the District shall be governed and controlled by a board of five commissioners who serve five-year terms and details the appointment of these commissioners.

As Defendants would not bear the burden of proof at trial, they must show the absence of factual support for one or more elements essential to the AG's claim. A de novo review of the record confirms that there are no genuine issues as to material fact and that Defendants are entitled to judgment as a matter of law.

In support of their motion for summary judgment, Defendants provided affidavits of the District's five Board members, including Berry. Board members Jerry Fowler, Mel Allen, Gary Wyche and Walt Bigby all stated that Berry does not have and never attempted to exercise the authority to vote on his appointment or removal as Executive Director or any other matters related to his employment as Executive Director, has never served as an officer of the Board and has never received compensation for his position

5

as a Board member.  Berry stated the same and added that his position as a Board member is a part-time appointive office, not an elected position, and that he is employed as Executive Director.  Berry, Fowler, Wyche and Bigby noted that Berry was excluded from the vote to make him Executive Director.

These affidavits demonstrate that Berry is not in violation of La. R.S. 42:64(A)(1) because he does not have the authority as a Board member to appoint or remove himself as Executive Director.  Further, Berry does not have the authority to appoint or remove a Board member because La. R.S. 38:2604 grants this power to the police jury of Bossier Parish, the mayor and governing authority of the city of Bossier City, the mayor and governing authority of the village of Benton, the Bossier Parish School Board and the Board of Commissioners of the Bossier Levee District.  La. R.S. 42:64(A)(4) is inapplicable because the Executive Director position was not created by La. R.S. 38:2601, et seq., and there are no laws that require the Executive Director to execute orders and follow directions given by the Board.  La. R.S. 42:64(A)(6) is also inapplicable because no funds have been deposited with or turned over to the District or from the District.  Therefore, the trial court did not err in granting Defendants' motion for summary judgment and determining that Berry's positions as a Board member and Executive Director of the District do not constitute incompatible offices pursuant to La. R.S. 42:64.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the district court's granting of the motion for summary judgment filed by Defendants-Appellees Robert

6

Berry and the Cypress Black Bayou Recreational and Water Conservation

District. Costs in the amount of $3,638 are assessed to the State of

Louisiana, through the Attorney General's Office.

**AFFIRMED.**