CRICHTON, Justice
In this matter, which is at the summary judgment phase, we are called upon to decide whether a settlement which purports to release "all other persons, firms, or corporations who are or might be liable" applies to defendants who were not direct parties to the settlement. For the reasons that follow, we find that the defendants are not entitled to summary judgment, reverse the opinion of the court of appeal, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
The pertinent facts of this case are largely undisputed. On January 14, 2015, plaintiff Kerry Maggio was injured in an automobile accident when his vehicle was struck by a vehicle operated by James Parker, an employee of The Sandwich Kings, LLC d/b/a Jimmy Johns ("Sandwich Kings"). The vehicle operated by Mr. Parker was owned by Brenda Parker and insured by Louisiana Farm Bureau ("Farm Bureau").
On June 19, 2015, plaintiff filed a petition for damages naming as defendants: Mr. Parker; Sandwich Kings, Mr. Parker's employer, contending that Mr. Parker was *877 in the course and scope of his employment at the time of the accident; Republic-Vanguard, Sandwich King's automobile insurer; and Metropolitan Property Casualty Insurance Company, plaintiff's uninsured motorist insurer. Notably, plaintiff did not name Brenda Parker or Farm Bureau as defendants.
Less than one month later, on July 6, 2015, plaintiff entered into a "Final Release and Settlement of Claim" ("Release") with Brenda Parker and Farm Bureau. In exchange for Farm Bureau's $25,000 policy limits, plaintiff executed a release agreement which provides as follows:
FOR AND IN CONSIDERATION of the payment of $25,000.00 to me/us in hand paid by Louisiana Farm Bureau Casualty Insurance Company and Brenda Parker hereinafter called payor(s), the receipt of which is hereby acknowledged, I/we Kerry Maggio address 2148 Cherokee St # B, Baton Rouge LA 70806-6605, being of lawful age, do hereby release, acquit and forever discharge the said payor(s), their agents and employees, and all other persons, firms or corporations who are or might be liable , from any and all actions, causes of action, claims, demands, damages, costs, loss of services, loss of consortium, expenses, and compensation on account of or in any way growing out of any and all known and unknown personal injuries and property damage, resulting or to result from an accident that occurred on or about 01/14/2015 by reason of an automobile accident including any other claims that I/we may have which arose at the time of or prior to such accident, and do hereby for myself (or ourselves) heirs, executors, administrators, successors and assigns, covenant with the said payor(s), their agents and employees, and all other persons, firms or corporations which are or may be liable to indemnify and save them harmless from all claims and demands, costs, loss of services, loss of consortium, expenses and compensation on account of or in any wise growing out of said accident or its results, known and unknown, or prior claims, both to persons and property.
I/we know and understand that the injuries sustained may be permanent and progressive and recovery therefrom is uncertain and indefinite and there may be injuries or results of injuries not yet evident, recognized or known and in making this release, I/we rely wholly upon my/our judgment, knowledge and belief as to the nature, extent and duration of said injuries and as to the questions of liability involved and have not been influenced by any representations regarding the same; that the claims are doubtful and disputed and the above consideration is accepted in full compromise, accord and satisfaction thereof, and the payment of said consideration is not an admission of liability.
I have read this Release or had it read to me and I understand it.
(Emphasis added.)
After obtaining a copy of the release, on March 30, 2016, Sandwich Kings and Republic-Vanguard ("defendants") filed a motion for summary judgment contending that they were entitled to dismissal based upon the July 6, 2015 Release. According to defendants, because the Release released "all other persons ... who are or might be liable" for the injuries plaintiff incurred as a result of the accident, the Release had the effect of releasing defendants. Plaintiff opposed the motion for summary judgment, arguing that defendants were not a party to the release and did not provide any consideration for the release, and therefore, cannot claim a benefit from it.
*878 The district court denied defendants' motion for summary judgment. The defendants thereafter sought supervisory review with the court of appeal, which denied the writ without comment. Defendants then applied for review to this Court. We granted defendants' writ application and remanded the matter to the court of appeal for briefing, argument, and full opinion. Maggio v. Parker , 16-1988 (La. 12/16/16), 211 So.3d 392. On remand, in a divided opinion, the court of appeal found no error in the judgment of the trial court denying the defendants' motion for summary judgment. Maggio v. Parker , 16-1075 (La. App. 1 Cir. 6/2/17), 2017 WL 2399358 (unpublished) (Theriot, J., dissenting). The majority reasoned that summary judgment was inappropriate because defendants did not meet their burden of proving that the release manifested a clear intention to benefit them as third party beneficiaries. The dissenting judge disagreed, finding the language of the release was clear and unambiguous and "offers no other conclusion than that the relators had been released from liability." Id ., at p. 4. We thereafter granted certiorari to consider the correctness of the court of appeal's ruling. 17-1112 (La. 10/27/17), 228 So.3d 1224.
DISCUSSION
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. It is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e ., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law See , e.g. , Dunn v. City of Kenner , 15-1175, p.10 (La. 1/27/16), 187 So.3d 404, 412. In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. Hines v. Garrett , 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. Id. at 765-66.
In their motion for summary judgment, defendants assert that the clear and unambiguous language in the release discharged all persons, whether or not signatories to the release, who were or could be liable to plaintiff for any and all claims arising out of the January 14, 2015 accident. As set forth above, the release specifically named Farm Bureau and Brenda Parker, and their agents and employees, but also included broad language, stating "all other persons, firms or corporations " were released from liability for the January 14, 2015 accident. According to defendants, under La. Civ. Code art. 2046, because the release is clear and unambiguous, parol evidence cannot be used to determine the intent of the parties.
"A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. Civ. Code art. 3071. The compromise instrument is governed by the same general rules of construction applicable to contracts. Brown v. Drillers, Inc ., 93-1019 (La. 1/14/94), 630 So.2d 741, 748. Therefore, in interpreting a contract, the analysis *879 must start with the premise that legal agreements have the effect of law upon the parties and that the courts are bound to give legal effect to all such contracts according to the true intent of the parties. Leenerts Farms, Inc. v. Rogers , 421 So.2d 216 (La. 1982). See also Brown , 630 So.2d at 748 (a compromise "must be interpreted according to the parties' true intent"). This principle is enshrined in the Civil Code, which states: "A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express." La. C.C. art. 3076.
Accordingly, when the words of the settlement agreement are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. C.C. art 2046. However, Louisiana courts have crafted a jurisprudential exception to the extrinsic evidence rule for compromise agreements. When a dispute arises as to the scope of a compromise agreement, "extrinsic evidence can be considered to determine exactly what differences the parties intended to settle." Brown , 630 So.2d at 749. As this Court unanimously remarked in Brown , an opinion authored by Justice Pike Hall, a "long line of jurisprudence holds that a general release will not necessarily bar recovery for those aspects of a claim not intended by the parties to be covered by the release." Id. Intent is determined by reading the compromise instrument "in light of the surrounding circumstances at the time of execution of the agreement." Id. at 748-49. The parties to a release instrument are therefore "permitted to raise a factual issue as to whether unequivocal language in the instrument was intended to be unequivocal." Id.
In interpreting this jurisprudential rule, courts have cautioned that, absent some substantiating evidence of mistaken intent, no reason exists to look beyond the four comers of the instrument to ascertain intent. Brown , 630 So.2d at 749. Therefore, utilizing a case-by-case analysis, Louisiana courts have limited the application of the extrinsic evidence exception to cases in which substantiating evidence is presented establishing either (1) that the releasor was mistaken as to what he or she was signing, even though fraud was not present; or (2) that the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim. Id. When the factual circumstances surrounding the execution of the release instrument do not fall within either of the above categories, Louisiana courts have applied the general rule of construction in La. Civ. Code art. 2046 and have not hesitated to confine their analysis to the four corners of the instrument. Brown , 630 So.2d at 749.
With these principles in mind, we turn to the terms of the Release in this case, the nature of the substantiating evidence presented, and circumstances surrounding the signing of the Release. As an initial matter, the Release unambiguously released "all other persons, firms or corporations who are or might be liable from any and all actions, causes of action, claims, demands, damages, costs, loss of services, loss of consortium, expenses, and compensation on account of or in any way growing out of any and all known and unknown personal injuries and property damage, resulting or to result from an accident that occurred on or about 01/14/2015." Defendants argued that this broad language released them from any liability they may have had to plaintiff. Therefore, plaintiff must offer substantiating evidence of mistaken intent to oppose summary judgment.
*880 Circumstances unique to this case surrounding the signing of the document give rise to an issue of fact regarding intent sufficient to defeat summary judgment. First, the released parties, Farm Bureau and Brenda Parker, were not made defendants in the lawsuit. In other words, the Release was negotiated with potentially liable parties who were not involved in the litigation. Second, the Release was signed just weeks after the lawsuit was filed, and yet the Release did not expressly include defendants. Indeed, defendants were not involved in the Release negotiations and contributed nothing to the settlement. Third, plaintiff did not dismiss the lawsuit against defendants after the Release was signed. Rather, defendants and plaintiff engaged in discovery that lasted for several months after to the signing. Plaintiff has therefore satisfied his burden to introduce extrinsic evidence under Brown to determine "exactly what differences the parties intended to settle" and whether the language of the Release "was intended to be unequivocal." Brown , 630 So.2d at 749. We express no opinion here as to whether this evidence establishes mistaken intent outside of the summary judgment context. We merely find that the evidence raises a genuine issue of material fact regarding the intent of the parties. See La. C. Civ. P. art. 966(C).
Additionally, we note that defendants, at this stage of the proceedings, have not demonstrated that a third-party benefit was conferred upon them such that summary judgment is warranted. Pursuant to La. C.C. art. 1978, "[a] contracting party may stipulate a benefit for a third party" who is not named in the contract; in Louisiana, such a contract for the benefit of a third party is called a "stipulation pour autrui." See Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary , 05-2364, p.9 (La. 10/15/06), 939 So.2d 1206, 1212. A stipulation pour autrui is never presumed. Id. There are three criteria for determining whether contracting parties have provided a benefit for a third party: 1) the stipulation is "manifestly clear"; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a "mere incident of the contract between the promisor and the promisee." Id. In short, the "most basic requirement" of a stipulation pour autrui is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof. Id. (citations omitted).
This Court has recognized that summary judgment "is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith." Penalber v. Blount , 550 So.2d 577 (La. 1989). Considering the fact-intensive nature of the inquiry for determining third-party beneficiary status, we find the lower courts reached the correct result in denying defendants' motion for summary judgment insofar as they claim that the Release manifested a clear intention to benefit them as third-party beneficiaries.
DECREE
For the reasons assigned, we affirm the judgments of the trial court and court of appeal denying the motion for summary judgment of defendants Sandwich Kings, LLC and Republic-Vanguard Insurance Company. The matter is remanded for further proceedings.
AFFIRMED