NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2020 CA 0888

JOSEPH LOUIS AND MARIE LOUIS

VERSUS

EDGAR RAMOS, GREEN LINE FREIGHT INC.,
AMERICAN MILLENNIUM INSURANCE COMPANY,
DESIREE CASTELLO, AND ALLSTATE INSURANCE COMPANY

Decision Rendered: **FEB 2 4 2021**

* * * * * * *

ON APPEAL FROM
THE 19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER 655,656, SECTION 22

HONORABLE TIMOTHY E. KELLEY, JUDGE

* * * * * * *

Richard S. Thomas
Baton Rouge, Louisiana

Attorney for Plaintiffs/Appellants
Joseph Louis and Marie Louis


Gregory Kent Moroux Jr.
Kolby P. Marchard
Baton Rouge, Louisiana

Attorneys for Defendants/Appellees
Desiree Castello and Allstate
Insurance Company

**BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.**

Holdridge J. concurs

**McDONALD, J.**

Joseph and Marie Louis, occupants of the lead vehicle rear ended in a three-vehicle collision, filed a personal injury suit against Desiree Castello, the driver of the middle vehicle; her insurer, Allstate Insurance Company (Allstate); Edgar Ramos, the driver of the last vehicle; his employer, Green Line Freight, Inc. (GLFI); and its insurer, American Millennium Insurance Company (AMIC). Mr. Ramos, GLFI, and AMIC stipulated to liability, and, after a settlement, the Louises dismissed their claims against these three defendants. The district court thereafter granted summary judgment to Ms. Castello and Allstate and dismissed them from the suit with prejudice. The Louises appeal.

Appellate courts review the grant or denial of a summary judgment *de novo* under the same criteria governing the district court's determination of whether summary judgment is appropriate. *Maggio v. Parker,* 17-1112 (La. 6/27/18), 250 So.3d 874, 878. After our review, and after considering the parties' appellate arguments, we conclude the district court properly granted summary judgment to Ms. Castello and Allstate. That is, these summary judgment movants introduced evidence showing that Ms. Castello had her vehicle under control, she closely observed the Louis vehicle in front of her, and that she was following at a safe distance under the circumstances. *See Lawrence v. McKenzie,* 17-1131 (La. App. 1 Cir. 2/21/18), 2018 WL 990304, *8. With this evidence, Ms. Castello and Allstate rebutted the presumption that Ms. Castello, as a following motorist, was negligent. *See* La. R.S. 32:81A; *Lawrence,* 2018 WL 990304 at *8. The burden then shifted to the Louises to produce evidence sufficient to establish a disputed factual issue as to Ms. Castello's fault, and they failed to do so. Because they did not meet this burden, there is no genuine issue of material fact, and summary judgment was appropriate. La. C.C.P. arts. 966D(1) and 967B. *Compare Lege v. FAS Services, Inc.,* 15-1622 (La. App. 1 Cir. 4/15/16), 2016 WL 1535068, *5.

2

We affirm the August 3, 2020 summary judgment in favor of Desiree Castello and Allstate Insurance Company, which dismisses them from the suit with prejudice. We issue this memorandum opinion in compliance with the Uniform Rules – Courts of Appeal, Rule 2-16.1B. We assess costs of the appeal to Joseph and Marie Louis.

**AFFIRMED.**