EARL A. ADAMS, JR., ET AL.    *    NO. 2019-CA-0210

VERSUS    *

CHEVRON USA, INC., ET AL.    *    COURT OF APPEAL

FOURTH CIRCUIT

*

STATE OF LOUISIANA

* * * * * * *

CONSOLIDATED WITH:    CONSOLIDATED WITH:

EARL ADAMS, ET AL    NO. 2019-C-0198

VERSUS

CHEVRON USA, INC., ET AL

CONSOLIDATED WITH:    CONSOLIDATED WITH:

EARL ADAMS, ET AL    NO. 2019-C-0199

VERSUS

CHEVRON USA, INC., ET AL

CONSOLIDATED WITH:    CONSOLIDATED WITH:

EARL A. ADAMS, JR., ET AL    NO. 2019-C-0708

VERSUS

CHEVRON, U.S.A., ET AL

CONSOLIDATED WITH:    CONSOLIDATED WITH:

EARL A. ADAMS, JR., ET AL.    NO. 2020-CA-0069

VERSUS

CHEVRON USA, INC.

CONSOLIDATED WITH:    CONSOLIDATED WITH:

ELDA LONG, ALTHEA SMART,    NO. 2020-CA-0070
EARL HYNES, EDWARD
WILLIAMS, KENNETH
MOUILLE, MALCOLM HARRIS,

**JR., AND MERLE MCINTYRE**

**VERSUS**

**JOSEPH GREFER AND THE
ESTATE OF CAMILLE GREFER**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2002-19308, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
JAMES F. MCKAY
CHIEF JUDGE
* * * * * *

(Court composed of Chief Judge James F. McKay III, Judge Terri F. Love, Judge Roland L. Belsome)

ROBERT G. HARVEY
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, Louisiana 70119
-and-
DARLEEN MARIE JACOBS
THE LAW OFFICES OF DARLENE M JACOBS
823 St. Louis Street
New Orleans, Louisiana 70112
-and-
ALAN DEAN WEINBERGER
HANGARTNER, RYDBERG & TERRRELL
Hancock Whitney Center, Suite 310
New Orleans, Louisiana 70112
    COUNSEL FOR PLAINTIFF/APPELLANT
-and-
DONALD C. DOUGLAS, JR.
THE DOUGLAS LAW FIRM, LLC
1070 West Causeway Approach, Suite B
Mandeville, Louisiana 70471
    COUNSEL FOR PLAINTIFFS/ APPELLANTS

EBERHARD D. GARRISON
PETER N. FREIBERG
KEVIN HUDDELL
LINDSAY E. REEVES
CHRISTOPHER W. SWANSON
JONES SWANSON HUDDELL & GARRISON, LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
        COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**


**FEBRUARY 24, 2021**

This case arises out of the contamination of a parcel of land with naturally occurring radioactive material (NORM), resulting from of oil-field supply cleaning activities.[1] The neighboring landowners filed suit against several defendants involved in the oil-field supply cleaning activities, as well as the landowners of the contaminated property. Eventually, the plaintiffs[2] entered into settlement agreements with most of the defendants with the exception of the landowners.[3] The landowners did not participate in the settlements, did not contribute to the settlements, and were not parties to the settlements.

Several years after the plaintiffs had entered into the settlement agreements with other defendants, the landowner defendants, on June 20, 2018, filed a motion to enforce settlement agreement against the plaintiffs. A hearing on the motion took place on August 30, 2018. After considering the motions, supporting memoranda, and the exhibits thereto and opposition, as well as the oral arguments

---

[1] For a more detailed history regarding the background of this case, one may wish to consult *Grefer v. Alpha Technical*, 02-1237 (La.App. 4 Cir. 8/8/07), 965 So.2d 511, *cert. denied*, 553 U.S. 1014, 128 S.Ct. 2054(mem), 170 L.Ed.2d 810.

[2] The named plaintiffs in this case are Elda Long, Althea Smart, Earl Hynes, Edward Williams, Kenneth Mouille, Malcom Harrison, and Merle McIntyre.

[3] The named defendants in this case are Joseph Grefer and Camille Grefer.

1

presented by counsel, the trial court granted the defendants' motion and dismissed the plaintiffs' claims with prejudice on September 11, 2018. It is from this judgment that the plaintiffs now appeal.[4]

The issue before this Court is whether the trial court erred in preventing the plaintiffs from offering evidence of the intent of the actual settling parties regarding the scope of the settlement and in dismissing the plaintiffs' case.

The issue presented by this appeal is a question of law. Questions of law are reviewed *de novo*, with judgment rendered " 'on the record, without deference to the legal conclusions of the tribunals below.' " *Holly J. Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 06-0582, p. 9 (La. 11/29/06), 943 So.2d 1037, 1045; quoting *Louisiana Municipal Association v. State*, 04-0227, p. 35 (La. 1/19/05), 893 So.2d 809, 836. "We are also mindful that when legal error committed by the trial court interdicts the fact-finding process, the appellate court must conduct a *de novo* review of the record." *Kennedy-Fagan v. Estate of Graves*, 07-1062, p. 11 (La.App. 1 Cir. 7/21/08), 993 So.2d 255, 264; citing *Levy v. Bayou Industrial Maintenance Services, Inc.*, 03-0037, p. 7 ((La.App. 1 Cir. 9/26/03), 855 So.2d 968, 974.

When a dispute arises as to the scope of a compromise agreement, extrinsic evidence can be considered to determine exactly what differences the parties intended to settle. *Maggio v. Parker*, 17-1112, p. 4 (La. 6/27/18), 250 So.3d 874,

---

[4] This consolidated appeal involves the judgment enforcing the settlement agreement, a judgment compelling discovery, and several writs. However, based on the statements made by plaintiffs/appellants' counsel, on the date of oral argument in this Court, it seems only the judgment enforcing the settlement agreement is now being appealed.

2

879 (internal citations omitted). In *Maggio*, the Louisiana Supreme Court explained and affirmed a long history of cases which established, recognized, and applied an exception to the "four corners" rule when interpreting settlement agreements. *Id.* at 879; See *Brown v. Drillers, Inc.*, 93-1019 (La. 1/14/94), 630 So.2d 741. A compromise settles only those differences that the parties clearly intended to settle. *Maggio* at 879. *See* La. C.C. art. 3076. Accordingly, the plaintiffs in the instant case contend that a clearly established exception to the "four corners" rule allows them to offer evidence.

In the instant case, it is undisputed that the landowner defendants are not parties to any settlement agreement with the plaintiffs. It is also undisputed that the landowner defendants did not contribute to any settlement agreement with the plaintiffs. As the landowner defendants are never mentioned in the four corners of any of the settlement agreements, the only way they could have been dismissed is by reference to something outside the agreements themselves.

Under these circumstances, the trial court should have considered the evidence of the intent of the actual parties to the settlement concerning whether the landowner defendants would or would not be released. To not do so interdicted the fact-finding process. Therefore, the district court erred as a matter of law in refusing to allow the plaintiffs an opportunity to offer evidence of the intent of the settling parties, i.e., a contradictory hearing where the parties could have called witnesses and introduced other extrinsic evidence to establish the true intent of the parties to the settlement.

3

For the above and foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**