Judgment rendered December 17, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,705-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

TAMMEY WEBBER                                    Plaintiff-Appellant

versus

CITY OF SHREVEPORT, CADDO                        Defendants-Appellees
COMMUNITY ACTION AGENCY,
INC. D/B/A  C. E. GALLOWAY
HEAD START CENTER, AND
GUIDEONE SPECIALTY
INSURANCE COMPANY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 640,057

Honorable Brady D. O'Callaghan, Judge

* * * * *

THE LAW OFFICE OF ALLEN              Counsel for Appellant
COOPER, L.L.C.
By: J. Allen Cooper, Jr.

WASHINGTON AND WELLS                 Counsel for Appellee,
By: Alex J. Washington, Jr.          City of Shreveport

GREGORY ENGLESMAN                    Counsel for Appellee,
                                     GuideOne Specialty
                                     Insurance Company

* * * * *

Before PITMAN, ROBINSON, and MARCOTTE, JJ.

**MARCOTTE, J.**

This appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Brady O'Callaghan presiding. Tammey Webber appeals the trial court's granting of the motion for summary judgment filed by Caddo Community Action Agency, Inc. d/b/a C.E. Galloway Head Start Center ("CCAA") and GuideOne Specialty Insurance Company ("GuideOne") (CCAA and GuideOne collectively referred to as "defendants" or "appellees"), finding that there was no genuine issue of material fact that defendants were on notice of a defect in the premises. For the following reasons, we affirm.

## FACTS

CCAA is an agency that operates C.E. Galloway Head Start Center on Olive Street in Shreveport, Louisiana. Its mission is to promote the school readiness of young children from low-income families. On October 21, 2021, Ms. Webber was walking on the public sidewalk with several children in front of the Galloway Head Start Center when she tripped and fell over an uneven area of the sidewalk, causing her harm.

On October 11, 2022, Ms. Webber filed a petition for damages against CCAA, its insurer GuideOne, and the City of Shreveport (the "City"). She alleged that as she was walking on the sidewalk in front of CCAA, she stepped in a hole, causing her to lose her balance and fall. She said that as she was losing her balance, she grabbed onto a nearby bollard, meant to deter vehicular traffic, which came loose and led to her fall. Ms. Webber claimed "severe and disabling" injuries because of the fall.

On October 31, 2022, CCAA and GuideOne answered the petition and generally denied any liability for Ms. Webber's fall. On December 8, 2022, the City filed its answer denying plaintiff's allegations and asserting contributory negligence as an affirmative defense.

On April 25, 2024, CCAA and GuideOne filed a motion for summary judgment, arguing that they were entitled to judgment as a matter of law because Ms. Webber had no evidence of a defect creating an unreasonable risk of harm, nor that CCAA knew or should have known of any defect. Defendants attached an affidavit from Mattie Smith, Vice President of CCAA, who testified that no previous accidents occurred at the location where plaintiff tripped and that CCAA had no knowledge of any defect in the premises at that location. Defendants also attached an affidavit from Bobby Thomason, an adjuster for Frontier Adjusters of Shreveport. Mr. Thomason investigated the incident and took photographs, demonstrating no holes in the area where the incident occurred and no differences in elevation exceeding one inch.

On December 30, 2024, Ms. Webber filed her opposition to the motion for summary judgment, arguing that CCAA had actual or constructive notice of the uneven concrete and unstable bollard outside its front door. In support, she attached the 1442 deposition of CCAA in which she claimed the company's representative admitted to having actual knowledge of the hazardous condition in the sidewalk for one to two years prior to the incident. Ms. Webber also claimed the 1442 deposition showed that CCAA admitted responsibility for: (1) inspecting and repairing the unstable bollard, (2) reporting the hazardous sidewalk to the city, and (3)

2

warning people about the hazardous sidewalk and bollard. She asserted the existence of numerous fact issues which precluded summary judgment.

On February 7, 2025, the trial court granted summary judgment in favor of CCAA and GuideOne. The trial court was unpersuaded by Ms. Webber's arguments about the faulty bollard, finding that the installation of such a device does not obligate its owner to guarantee its suitability as a handrail or anything other than an apparent deterrent to unauthorized vehicle traffic. The trial court further found that while Ms. Webber established that CCAA knew there were cracks in the sidewalk, the lack of any history of falls at that location combined with the jurisprudence meant that CCAA was not on notice of a defect; thus she would be unable to carry her burden of proof at trial.

Ms. Webber now appeals.

## DISCUSSION

*Notice of an unreasonably dangerous condition*

Ms. Webber argues that the trial court erred in finding that because there were no prior falls in the area, there was no genuine issue of material fact as to whether CCAA knew that there was a defect in the sidewalk. She claims that Louisiana law does not require there to be a history of falls at the complained-of location for the finder of fact to determine that a condition is unreasonably dangerous. Ms. Webber asserts that after the trial court determined that CCAA had actual knowledge of the cracks in the sidewalk, it became a genuine issue of material fact for the trier of fact to determine whether those cracks in the sidewalk constituted an unreasonably dangerous condition.

Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So. 2d 129. A trial court must grant a motion for summary judgment if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Summary judgment procedure is now favored under our law and will be construed to secure the just, speedy, and inexpensive determination of every action except those disallowed by La. C.C.P. art. 969. La. C.C.P. art. 966(A)(2); *Farrell v. Circle K Stores, Inc.*, 22-00849 (La. 3/17/23), 359 So. 3d 467.

The burden of proof rests with the mover; nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1).

The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* When a motion for summary judgment is made and supported as provided in La. C.C.P. art. 967(A), an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in La. C.C.P. art. 967(A), must set forth specific facts showing that there is a

4

genuine issue for trial. La. C.C.P. art. 967(B). If he does not so respond, summary judgment, if appropriate, shall be rendered against him. *Id.*

A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Freeman v. W. Carroll Par. Police Jury*, 54,750 (La. App. 2 Cir. 9/21/22), 349 So. 3d 637, *writ denied*, 22-01583 (La. 12/20/22), 352 So. 3d 83. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Harris v. City of Shreveport*, 53,101 (La. App. 2 Cir. 4/22/20), 295 So. 3d 978; *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So. 3d 874. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Chanler v. Jamestown Ins. Co.*, 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied*, 17-01251 (La. 10/27/17), 228 So. 3d 1230.

La. C.C. art. 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Further, La. C.C. art. 2317.1 provides that:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

To recover for damages caused by a defective thing, a plaintiff must prove that the thing was in defendant's custody, that the thing contained a

5

defect, that this defective condition caused damage, and that defendant knew or should have known of the defect. La. C.C. art. 2317.1; *Harris, supra*.

A "defect" in a thing, for which one having custody of the thing may be liable for damages caused, is a condition or imperfection that poses an unreasonable risk of injury to persons exercising ordinary care and prudence. *Gauthier v. Foster Homes LLC*, 53,143 (La. App. 2 Cir. 11/20/19), 284 So. 3d 1206. The determination of whether a defect presents an unreasonable risk of harm is a matter wed to the facts and must be determined in light of facts and surrounding circumstances of each particular case. *Id*. To be liable for damages caused by a defect, the defect must be dangerous or calculated to cause injury. *Harris, supra*. Moreover, not every imperfection or irregularity is a defect for purposes of imposing liability. *Mason v. Monroe City Sch. Bd*., 43,595 (La. App. 2 Cir. 9/17/08), 996 So. 2d 377.

Here, Ms. Webber claims that "the trial court found that CCAA knew about the uneven area of concrete which caused [Ms. Webber] to trip and fall." This statement, however, is at odds with the trial court's actual ruling, which was that CCAA knew about the cracks in the sidewalk, but not that those cracks were unreasonably dangerous. This is an important distinction. Knowledge of a condition is not the same as knowledge of an unreasonably dangerous condition. Courts have ruled on numerous claims of defects in sidewalks and parking lots and upheld dismissals on lack of notice and lack of proof of a defect that was unreasonably dangerous.

In *Laffitte v. D&J Commercial Props., LLC*, 52,823 (La. App. 2 Cir. 8/14/19), 278 So. 3d 460, the plaintiff tripped on a ramp in a parking lot.

The defendant filed a motion for summary judgment with the affidavit of the owner, who established that no one had complained about the ramp and no one had fallen on it. Plaintiff submitted an affidavit of an engineer claiming the ramp was violative of the Americans with Disabilities Act ("ADA"). The trial court granted the motion, stating that without prior incidents at the ramp, the plaintiff failed to establish knowledge by the defendant. This court upheld the granting of summary judgment, finding no evidence that the owner knew or should have known of the defect, even over an affidavit by plaintiff's expert finding that the alleged defect violated the ADA.

In *Mackey v. Am. Multi-Cinema, Inc.*, No. CV 20-1350, 2023 WL 4067962, at *1 (E.D. La. May 16, 2023), plaintiff tripped and fell on the sidewalk in front of a movie theatre. The sidewalk had deviations in height of ¾ of an inch to ⅞ of an inch. The court listed a host of Louisiana cases where the elevation differences ranged from one inch to two inches. Finding that the defect was not unreasonably dangerous, the court granted summary judgment in favor of defendants.

In *Scott v. Galleria Operating Co.*, 17-104 (La. App. 5 Cir. 11/15/17), 230 So. 3d 682, *writ denied*, 17-2080 (La. 2/9/18), 236 So. 3d 1262, the plaintiff tripped over a hole in the concrete surface of a parking garage. The court held that the owner did not have actual or constructive knowledge of the defect and, thus, granted the defendant's summary judgment.

In *Reitzell v. Pecanland Mall Assocs., Ltd.*, 37,524 (La. App. 2 Cir. 8/20/03), 852 So. 2d 1229, a summary judgment was granted on a claim by plaintiff for injuries suffered when she fell on a patched area between a

parking lot and missing tiles on a handicap ramp, finding that the defect did not create an unreasonable risk of harm.

In *Dowdy v. City of Monroe*, 46,693 (La. App. 2 Cir. 11/2/11), 78 So. 3d 791, summary judgment was granted by the trial court and upheld by this court where the plaintiff sued after tripping over a patched hole in an asphalt roadway to the Civic Center, finding that no unreasonable risk of harm was established.

Similarly, Ms. Webber failed to prove that the cracks in the sidewalk were unreasonably dangerous. Not all cracks in the sidewalk present an unreasonably dangerous condition. Moreover, the portion of the sidewalk at issue is traveled every day as the main passage into CCAA's building, and there were no prior incidents nor were there any complaints. Thus, even if Ms. Webber had been able to supply proof of an unreasonably dangerous condition, she failed to prove that anyone at CCAA knew about it.

Ms. Webber's reliance on CCAA's 1442 deposition testimony to prove knowledge of an unreasonably dangerous condition is misplaced. The fact that CCAA's representative admitted that she knew about cracks in the sidewalk does not create a genuine issue of material fact because there is no evidence that she knew the cracks in the sidewalk created an unreasonably dangerous condition. This assignment of error is without merit.

Ms. Webber also argues that a genuine issue of material fact exists due to the failure of CCAA to report the allegedly hazardous sidewalk to the City. It is true that CCAA acknowledged there were cracks in the sidewalk and that the City repaired the sidewalk after the fall. However, such acknowledgment does not establish a defect, nor does it establish notice.

8

What it does establish is that CCAA reported an issue to the City as soon as they became aware of it and that the City proactively responded by fixing the issue. Because we find that CCAA had no knowledge of an unreasonably dangerous condition with respect to the sidewalk in front of its building, we hold that it was under no duty to report anything to the City. This assignment of error has no merit.

Ms. Webber's other assignments of error all complain that the trial court failed to find a defect with respect to the cracks in the sidewalk and the bollard. However, since the trial court's decision was based on a lack of notice rather than a defect, those assignments of error are without merit.

The sidewalks in Louisiana are rarely smooth. Many are uneven, cracked, or pitted. A crack in a sidewalk does not become a defect under La. C.C. art. 2317.1 until it becomes unreasonably dangerous in normal use. However, even if the defect is unreasonably dangerous, the entity having garde over the property must have knowledge of the defect and fail to repair it in a timely manner. Here, without any prior trips, falls, or complaints to CCAA about the location of the trip, there was no way for CCAA to be aware of any potential defect, nor was there any way for CCAA to repair anything or report an issue to the City. Plaintiff failed to establish a defect and failed to establish notice of any defect by CCAA.

## CONCLUSION

At Ms. Webber's cost, the ruling of the trial court is affirmed.

**AFFIRMED.**

9