STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBERS

2025 CA 0118

SUCCESSIONS OF JOYCE FAYE MILLET A/K/A
JOYCE LEBLANC MILLET, WIFE OF/AND
LEONCE JOSEPH MILLET, JR.

CONSOLIDATED WITH

2025 CA 0119

JILL MILLET

VERUS

ECONOMY BRICK SALES, INC.

Judgment Rendered: **JAN 07 2026**

* * * * *

ON APPEAL FROM THE
23RD JUDICIAL DISTRICT COURT, DIVISION A
ASCENSION PARISH, STATE OF LOUISIANA
DOCKET NUMBERS 18,543 and 126,239

HONORABLE JASON VERDIGETS, JUDGE PRESIDING

* * * * *

Robin B. Cheatham
Richard B. Eason II
Leigh Ann Schell
G. Robert Parrott II
New Orleans, Louisiana

Attorneys for Defendant-Appellant
Economy Brick Sales, Inc.


Barbara L. Irwin
Timothy E. Pujol
Ashley D. Tadda
Gonzales, Louisiana

Attorneys for Plaintiff-Appellee
Jill Millet


BEFORE:  McCLENDON, C.J., GREENE, and EDWARDS, JJ.

**GREENE, J.**

In this appeal, defendant challenges a judgment awarding attorney's fees and costs to plaintiff. Specifically, defendant challenges the trial court's determination that plaintiff is entitled to recover attorney's fees under a lease as a third-party beneficiary of the lease. Plaintiff answers the appeal, seeking an increase in the award of attorney's fees and costs incurred in relation to the appeal. Because we find the attorney's fee provision of the lease does not extend the benefit to non-parties like plaintiff, we reverse in part, affirm in part, and deny the answer to the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute among siblings over the terms of a lease their parents entered into with the family-owned business, Economy Brick, Inc. (Economy Brick). This is the third time the matter has come before the Court on appeal. The facts were ably articulated by the Court in *Successions of Millet,* 2022-0863 (La.App. 1 Cir. 7/5/23), 370 So.3d 758, and have been incorporated below.

Economy Brick is an Ascension Parish company that sells bricks and stucco. It was originally owned by Leonce J. Millet, Jr., and his wife, Joyce LeBlanc Millet. On January 2, 2004, Leonce and Joyce entered into a Lease Agreement, as lessors, with Economy Brick, as lessee, regarding certain immovable property (the immovable property) located in Ascension Parish. Before the execution of the Lease Agreement, Leonce and Joyce donated all shares of capital stock in Economy Brick to their children, Dean Millet and Michelle Millet DePierri. The Lease Agreement was signed by Leonce and Joyce, as lessors, and by Dean and Michelle in their capacities as President and Secretary-Treasurer, respectively, on behalf of Economy Brick, as lessee.

The Lease Agreement, recorded in the conveyance records of Ascension Parish, set forth a monthly rental payment of $7,000.00 for a term of fifty years. After setting forth the term of the lease in Article 1 of the Lease Agreement, Article 2 provided that the term of the lease was to "be reduced to the remainder of twenty (20) years commencing upon the deaths of both Lessors[,]" at which time the monthly rental was to be paid, as follows:

> Upon the occurrence of the death of both Lessors, the monthly rental will be reduced to 1.30% of the monthly sales not to exceed a maximum monthly Installment of $4,000.00 payable in equal monthly installments to [Ronda] Millet Matthews, Aleta Millet Morgan, Jill Millet and Paula Millet LeBlanc on the first day of each month.

The rental payments were designed to be retirement benefits for Leonce and Joyce.

Joyce died testate on February 27, 2013. In her January 2009 Last Will and Testament, Joyce bequeathed to Leonce, *inter alia*, all of her right, title, and interest in and to the immovable property. After Joyce's death, Leonce executed his Last Will and Testament in August 2013. Leonce bequeathed to Dean and Michelle all of his right, title, and interest in and to the immovable property. Leonce died on June 11, 2018.

After Leonce's death, Dean and Michelle filed a Petition to Open Successions, Probate Wills, and for Appointment of Independent Co-Executors, and they were appointed co-executors for the Successions of Joyce Faye Millet a/k/a Joyce LeBlanc Millet, wife of/and Leonce Joseph Millet, Jr., Docket No. 18543, in the 23rd Judicial District Court for the Parish of Ascension (the succession proceeding). On October 16, 2018, Jill made a formal proof of claim in the succession proceeding, directed to the co-executors, contending that lease payments were owed to her under the Lease Agreement. The co-executors rejected Jill's claim. On July 25, 2019, Jill filed a Petition for Judicial Enforcement of Claim in the succession proceeding, seeking to enforce the terms of the Lease Agreement and to obtain lease payments allegedly owed to her. Shortly thereafter, on July 29, 2019, Jill filed a Petition of Breach of Contract and Damages in a separate lawsuit against Economy Brick and Dean. The second suit was consolidated with the succession proceeding by order dated February 13, 2020.

Meanwhile, on June 26, 2019, the trial court signed a Judgment of Partial Possession in the succession proceeding, and Dean and Michelle were placed in possession and recognized as the owners of the immovable property. On August 9, 2019, Dean and Michelle, as lessors, and Economy Brick, represented by Dean, as lessee, agreed to terminate the Lease Agreement and executed an Act of Cancellation.

On March 23, 2020, Defendants Dean and Michelle, in their capacities as co-executors in the succession proceeding, and Defendants Economy Brick and Dean in the

3

breach of contract suit (collectively, "Defendants"), filed a motion for summary judgment, seeking to dismiss Jill's claims against them in both proceedings. After a hearing, the trial court granted the motion for summary judgment and dismissed all of Jill's claims against Defendants. Jill appealed, and another panel of this Court reversed the lower court's judgment, finding the trial court erred by considering documents attached to Defendants' reply memorandum. *See Successions of Millet,* 2021-0355 (La.App. 1 Cir. 12/22/21), 340 So.3d 252. The case was remanded for further proceedings.

On February 7, 2022, Defendants filed a second motion for summary judgment, re-urging their earlier motion with summary judgment evidence intended to comply with the Court's decision in *Successions of Millet,* 2021-0355 (La.App. 1 Cir. 12/22/21), 340 So.3d 252. Defendants urged the court to find that any rights Jill had as a third-party beneficiary to the Lease Agreement were terminated by virtue of the intent expressed in Leonce's Last Will and Testament and by the subsequent termination of the Lease Agreement by Dean and Michelle, as co-executors of the succession. Jill filed a cross motion for summary judgment, seeking enforcement of the Lease Agreement on grounds she was a third-party beneficiary of the Lease Agreement entitled to recover rental payments from Economy Brick for a term of twenty years. After a hearing, the trial court granted Defendants' motion for summary judgment and denied Jill's cross motion. The trial court signed a judgment on May 17, 2022, dismissing all of Jill's claims against Defendants with prejudice. Jill appealed, and another panel of this Court reversed the trial court's judgment and rendered summary judgment in favor of Jill, finding the Lease Agreement created a valid stipulation *pour autrui* in favor of Jill that entitled her to receive its third-party benefits. The Court remanded the matter to the trial court to determine the amount of third-party benefits due to Jill. *See Successions of Millet,* 2022-0863 (La.App. 1 Cir. 7/5/23), 370 So.3d 758.

Defendants then filed a third motion for summary judgment in the trial court, this time seeking to have the suits dismissed because Economy Brick tendered payment to Jill in the amount of $66,633.33 on October 3, 2023. Economy Brick suggested this sum constituted the entire monthly rental payment due to Jill from the time of Leonce's death on June 12, 2018 until December 31, 2023, and that Jill had thus been compensated in

4

full for the relief requested in her lawsuits. Jill filed a cross motion for summary judgment on the issue of the term of the rental payment, contending she was entitled to rental payments for a term of twenty years, commencing on June 12, 2018 and continuing until June 12, 2038. On December 13, 2023, the trial court denied Defendants' motion for summary judgment and granted Jill's cross motion, finding that Economy Brick owed Jill a one-fourth portion of the rental payments for a term of twenty years.

On January 23, 2024, Jill filed the Motion for Interim Award of Attorney's Fees and Costs that is the subject of this appeal.[1] In her motion, Jill claims that Article 21 of the Lease Agreement grants her the right to recover the attorney's fees and costs she incurred to collect the rental payments:

> 21.    Attorney's Fees and Expenses:
>
> In the event it becomes necessary for either party to employ an attorney to enforce collection of the rents agreed to be paid, or to enforce compliance with any of the covenants and agreements herein contained, the unsuccessful party shall be liable for reasonable attorney's fees and costs incurred by the other party.

Jill averred that the First Circuit's July 5, 2023 decision, which determined she was a third-party beneficiary of the Lease Agreement, and the trial court's December 13, 2023 judgment, which ordered Economy Brick to pay Jill one-fourth of the rental payments due under the Lease Agreement, establish that she was the prevailing party and that Economy Brick was the unsuccessful party and, accordingly, Economy Brick must pay Jill the reasonable attorney's fees and costs she incurred to collect the rental payments. Jill also cited La. C.C.P. art. 1920 in support of her request for costs.

Economy Brick opposed the motion, disputing that Jill was a "party" entitled to claim attorney's fees and costs under Article 21 of the Lease Agreement and also disputing that Jill was a third-party beneficiary of Article 21. Alternatively, Economy Brick asked the Court to reduce the amount of attorney's fees awarded to Jill.

Jill's Motion for Interim Award was heard on May 7, 2024. At the conclusion of the hearing, the trial court granted Jill's motion in open court, and the trial court signed a judgment on May 24, 2024, awarding Jill $91,903.00 in attorney's fees and $16,254.36

---

[1] Jill filed her motion pursuant to La. C.C.P. art. 2592, which allows summary proceedings to be used for matters that include the award of and the determination of the reasonableness of attorney fees.

in costs (totaling $108,157.36), plus the costs of filing the judgment and judicial interest from the January 23, 2024 filing of the motion until paid. Finding that there was no just reason for delay, the trial court designated the judgment as final and appealable under La. C.C.P. art. 1915(B).[2,3] Economy Brick now appeals the May 24, 2024 judgment.

## ASSIGNMENTS OF ERROR

On appeal, Economy Brick raises two assignments of error:

(1) The trial court erred in finding that Louisiana law and Article 21 of the Lease Agreement entitle Jill, as third-party beneficiary, the right to recover attorney's fees from Economy Brick.

(2) The trial court abused its discretion by awarding Jill fees for vague and unrelated tasks.

Because we find merit in the first assignment of error, we pretermit consideration of the second assignment of error.

## DISCUSSION

Economy Brick assigns as legal error the trial court's determination that Jill was entitled to an award of attorney's fees under Louisiana law and Article 21 of the Lease Agreement. Under Louisiana law, attorney's fees are not allowed except where authorized by statute or by contract. *Dominique v. Parochial Employees' Retirement System of Louisiana*, 2024-1009 (La.App. 1 Cir. 5/1/25), 2025 WL 1271112, *6. Here, Jill points to a contract-- the Lease Agreement-- as the basis for her claim to recover attorney's fees. The proper interpretation of a contract is a question of law subject to *de novo* review on appeal. When considering legal issues, the reviewing court accords no special weight to the ruling of the trial court, but conducts a *de novo* review of questions of law and renders judgment on the record. *Montz v. Theard*, 2001-0768 (La. App. 1 Cir. 2/27/02), 818 So.2d 181, 185.

---

[2] The judgment stated that there was no just reason to delay the appeal because the judgment awarded a sum certain in attorney's fees and costs and the judgment would not be affected by future proceedings in the case.

[3] After the trial court rendered its judgment granting Jill's Motion for Interim Award, Economy Brick filed another motion for summary judgment regarding its reconventional demand, and Jill filed a cross motion for summary judgment in response. On October 18, 2024, the trial judge rendered judgment denying Economy Brick's motion and granting Jill's cross motion, dismissing all of Economy Brick's claims against Jill in the Reconventional Demand with prejudice. Economy Brick has appealed the October 18th judgment in a companion appeal, which is docketed as 2025-CA-0120 c/w 2025-CA-0121. Economy Brick's appeal of the October 18th judgment was consolidated with the subject appeal for oral argument and submission only via an interim order of this Court issued on June 12, 2025.

This Court, in a previous appeal, determined that Jill was a third-party beneficiary of the Lease Agreement entitled to recover monthly rental payments from Economy Brick based upon Article 2 of the lease:

> 2.    Death of Lessor:
>
> (a)    Upon the occurrence of the death of both Lessors, the monthly rental will be reduced to 1.30% of the monthly sales not to exceed a maximum monthly installment of $4,000.00 payable in equal monthly installments to Rhonda Millet Matthews, Aleta Millet Morgan, Jill Millet and Paula Millet LeBlanc on the first day of each month.

*Successions of Millet*, 370 So.3d at 768. Notably, Article 2 identified Jill, by name, as a person entitled to recover the monthly rental payments.

In this appeal, the issue is whether Article 21 of the Lease Agreement grants Jill the right to recover the attorney's fees and costs she incurred to collect the monthly rental payment. Article 21 states that the "unsuccessful party" shall be liable for the reasonable attorney's fees and costs incurred by the "other party" if "either party" must employ an attorney to enforce collection of the rents:

> 21.    Attorney's Fees and Expenses:
>
> In the event it becomes necessary for either party to employ an attorney to enforce collection of the rents agreed to be paid, or to enforce compliance with any of the covenants and agreements herein contained, the unsuccessful party shall be liable for reasonable attorney's fees and costs incurred by the other party.

Unlike Article 2, this article does not specifically identify Jill as a person entitled to recover attorney's fees and costs. The trial court nevertheless found that Louisiana law and Article 21 "provide the third party beneficiary, Jill Millet[,] the right and ability to recover attorney fees and costs[.]"

On appeal, Economy Brick contends that only a party to the Lease Agreement can recover attorney's fees and costs under Article 21. Economy Brick points to the following excerpts from the Lease Agreement as evidence that Jill is not a party to the lease. The Lease Agreement states that it is by and between Leonce and Joyce (as Lessor) and Economy Brick (as Lessee):

ASCENS? CLERK OF COURT
2005 MA...4   10:08:03 AM
COB____MOB____OTHER____

DEPUTY CLERK & RECORDER

DEPUTY CLERK
SLIPPRT01

THIS AGREEMENT OF LEASE is made as of this 2ND day of JANUARY, 2004, by and between:

Leonce J. Millet, Jr. wife of Joyce LeBlanc Millet, both persons of full legal age and residents of and domiciled in the Parish of Ascension, State of Louisiana, (hereinafter "Lessor");

**AND**

*126235*

Economy Brick Sales, Inc., a corporation organized under the laws of the State of Louisiana, represented herein by its undersigned officer, duly authorized, (hereinafter "Lessee").

The Lease Agreement was only signed by Leonce and Joyce (as Lessor) and Dean and

Michelle, President and Secretary-Treasurer of Economy Brick, respectively (as Lessee):

IN WITNESS WHEREOF, the parties have executed and set their hands in triplicate original copies as to the day and year first above written.

WITNESSES:

_____        _____
                                 Leonce J. Millet, Jr., LESSOR

_____        _____
                                 Joyce LeBlanc Millet, LESSOR

                                 Economy Brick Sales, Inc., LESSEE

                                 By: _____
                                     Dean Millet,
                                     President

                                 By: _____
                                     Michelle Millet DePierri,
                                     Secretary-Treasurer

The Legal Definition section of the Lease Agreement also directs that the relationship

between the parties shall at all times remain that of Lessor and Lessee:

25.   Legal Definition:

It is expressly understood and agreed between the parties hereto that Lessor shall not be construed or held to be a partner or associate of Lessee in the conduct of its business, it being understood and agreed that the relationship between the parties hereto is and shall at all times remain that of Lessor and Lessee.

Economy Brick thus contends that the plain, unambiguous language of the Lease

Agreement establishes that only the Lessor and Lessee, as the parties to the lease, can

8

seek to recover attorney's fees under Article 21. Economy Brick further suggests that Jill's status as a third-party beneficiary of the Lease Agreement does not confer a concomitant right to recover attorney's fees under Louisiana law and that Jill must still prove that Article 21 stipulates a benefit in her favor to recover attorney's fees under the Lease Agreement. We agree.

## CONTRACT INTERPRETATION

"Interpretation of a contract is the determination of the common intent of the parties." La. C.C. art. 2045. The reasonable intention of the parties to a contract is to be sought by examining the words of the contract itself, and not assumed. *Prejean v. Guillory*, 2010-0740 (La. 7/2/10), 38 So.3d 274, 279 (per curiam). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046. Common intent is determined, therefore, in accordance with the general, ordinary, plain, and popular meaning of the words used in the contract. *Prejean*, 38 So.3d at 279. Accordingly, when a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties. *Id*. The words of a contract must be given their generally prevailing meaning. La. C.C. art. 2047. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. C.C. art. 2050; *Lobell v. Rosenberg*, 2015-0247 (La. 10/14/15), 186 So.3d 83, 89 (per curiam).

Here, Article 21 provides for the recovery of attorney's fees if "either party" must employ an attorney to enforce collection of the rental payments. Article 21 grants the "other party" the right to recover attorney's fees and costs. This language clearly and unambiguously limits the application of Article 21 to the parties to the Lease Agreement who, in this case, are Leonce and Joyce (Lessors) and Economy Brick (Lessee). Jill is a third-party beneficiary of the Lease Agreement, as this Court previously determined. *Successions of Millet*, 370 So.3d at 768. A third-party beneficiary is never a party to the contract in question. *See Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*,

9

2005-2364 (La. 10/15/06), 939 So.2d 1206, 1211. Thus, interpreting Article 21 as written, Jill is not entitled to recover attorney's fees under Article 21.

However, Jill suggests that it is illogical, and renders language in Article 21 superfluous, to limit the application of Article 21 to the original parties to the Lease Agreement when the contract required Economy Brick to continue making the monthly rental payments beyond the life of the original Lessors. We disagree. Article 21 deals only with the right to recover attorney's fees and costs, which is independent of the right to receive monthly rental payments upon the death of the Lessors, as set forth in Article 2. Article 21 is not devoid of any effect simply because Jill is not entitled to recover attorney's fees under the provision. Under Article 21, as written, Leonce and Joyce (as Lessors) possessed the right to seek attorney's fees and costs while they were still the recipients of the monthly rental payments. Applying the laws that govern the interpretation of contracts, we find that the words of Article 21 are clear and explicit and establish that Jill, as a non-party to the contract, was not entitled to recover attorney's fees and costs under the contract.[4] *See* La. C.C. art. 2046.

## STIPULATIONS *POUR AUTRUI*

We also find that Jill was not a third-party beneficiary of Article 21. The Louisiana Civil Code provides that a contracting party may stipulate a benefit for a third person called a third-party beneficiary. La. C.C. art. 1978. Under Louisiana law, such a contract for the benefit of a third party is referred to as a "stipulation *pour autrui.*" *Paul v. Louisiana State Employees' Group Ben. Program*, 99-0897 (La.App. 1 Cir. 5/12/00), 762 So.2d 136, 140. A stipulation *pour autrui* is never presumed. Rather, the intent of the contracting parties to stipulate a benefit in favor of a third party must be made manifestly clear. *Paul*, 762 So.2d at 140. Each contract must be evaluated on its own terms and conditions to determine if the contract stipulates a benefit for a third person. *Joseph*, 939 So.2d at 1212.

There are three criteria for determining whether contracting parties have provided a benefit for a third party: 1) the stipulation is "manifestly clear"; 2) there is certainty as

---

[4] We also point out that the Judgment of Partial Possession in the succession proceeding placed Dean and Michelle in possession of, and recognized them as the owners of, the immovable property that is the subject of the Lease Agreement. Thus, Jill cannot claim that she became the Lessor upon the death of her parents.

to the benefit provided the third party; and 3) the benefit is not a "mere incident of the contract between the promisor and the promisee." *Maggio v. Parker*, 2017-1112 (La. 6/27/18), 250 So.3d 874, 880. The party demanding performance of an obligation pursuant to a stipulation *pour autrui* bears the burden of proving the existence of the obligation. La. C.C. arts. 1831 and 1981. Absent a clear manifestation of intent to benefit a third party, a party claiming to be a third-party beneficiary cannot meet his burden of proof. *Maggio*, 250 So.3d at 880.

Here, Article 21 does not reflect the contracting parties' intent to confer a benefit on Jill or any other third-party. Unlike Article 2, Article 21 does not refer to Jill or any other non-party to the contract. Rather, the language of Article 21-- discussed above-- establishes that the *parties* to the contract are entitled to recover attorney's fees and costs. The fact that Article 2 stipulated a benefit in favor of Jill (the right to receive monthly rental payments) does not grant Jill the right to claim other benefits set forth in the contract without independently establishing the existence of another valid stipulation *pour autrui.*

The Louisiana Supreme Court made this point in the case of *Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*, 2005-2364 (La. 10/15/06), 939 So.2d 1206. There, the Court found that the plaintiff doctors were not third-party beneficiaries entitled to demand employment by the defendant hospital even though the contract in question included a stipulation *pour autri* granting doctors reimbursement of their relocation costs. The Court pointed out that the contract "could have included additional benefits to inure to the doctors; however, it did not do so in a manifestly clear manner." *Joseph*, 939 So.2d at 1213, n.10. Similarly, the Lease Agreement in this case did not include any stipulation, manifestly clear or otherwise, conferring upon Jill the right to recover attorney's fees and costs.

Jill nevertheless suggests that she is entitled to recover the attorney's fees and costs she incurred to collect the monthly rental payments because she is a third-party beneficiary of the Lease Agreement and, according to La. C.C. art. 1981, the third-party beneficiary has the right to demand performance from the promisor. Jill contends that this right to demand performance includes the right to recover the fees associated with

11

her enforcement efforts against Economy Brick. Jill cites two cases in support. *See Brooks v. Shipp*, 481 So.2d 655 (La.App. 1 Cir. 1985) and *Beau Box Commercial Real Estate, L.L.C. v. Pennywise Solutions, Inc.*, 2019-0114 (La.App. 1 Cir 10/23/19), 289 So.3d 600. However, these cases are distinguishable because they both involved purchase agreements that clearly stipulated the right of the real estate agent to recover attorney's fees and costs in the event the purchaser breached its obligations under the contract.[5] Jill cannot point to any analogous stipulation in the subject Lease Agreement and, accordingly, she cannot satisfy her burden of proving that she is a third-party beneficiary with respect to the right to recover attorney's fees and costs under Article 21.

Because we find that Article 21 of the Lease Agreement does not grant Jill the right to recover attorney's fees or costs under the contract, we find that the trial court's judgment granting Jill's motion was in error. However, we find no error in the trial court's award of costs because Jill was the prevailing party in this action to enforce collection of the monthly rental payments due to her under the Lease Agreement. *See* La. C.C.P. art. 1920.

## CONCLUSION

For these reasons, we reverse the portion of the trial court's May 24, 2024 judgment ordering Economy Brick Sales, Inc. to pay Jill Millet $91,903.00 in attorney's fees. We affirm the portion of the trial court's May 24, 2024 judgment ordering Economy Brick Sales, Inc. to pay Jill Millet $16,254.36 in costs. We deny Jill Millet's answer to the appeal. We assess costs of this appeal equally, one-half to Jill Millet and one-half to Economy Brick Sales, Inc.

**JUDGMENT REVERSED IN PART AND AFFIRMED IN PART; ANSWER TO APPEAL DENIED.**

---

[5] The purchase agreement in *Brooks* stated in pertinent part: "Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent's commission and all reasonable attorney's fees and costs incurred by the other party[.]" *Brooks*, 481 So.2d at 656. The purchase agreement in *Beau Box* stated in pertinent part that "the defaulting party shall also be liable for [realtor's] fees and all [attorney's] fees and other costs incurred in the enforcement of any and all rights under this contract." *Beau Box*, 289 So.3d at 604.

12